## Coverdale Appeal.

Argued December 8, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward K. Nichols, Jr.*, with him *A. Leon Higginbotham, Jr.*, and *Norris, Schmidt, Green, Harris & Higginbotham*, for appellant.

*Matthew W. Bullock, Jr.*, with him *Bullock and Allen*, for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

The court below entered a decree of divorce a.v.m. in favor of Earl J. Branch and against his wife, Charmaine Merle Adams Branch on the ground of adultery. The defendant did not appeal, but William D. Coverdale, who had been named corespondent in the action, did file an appeal from the divorce decree. The plaintiff filed a motion to quash the appeal on the ground that the corespondent had no authority to take it.

The question is whether a person named corespondent in a divorce action can appeal from a decree granting the plaintiff a divorce on the ground of adultery.

The right of appeal from the action of a lower court is not constitutionally ordained in Pennsylvania; such right is conferred solely by statute and does not otherwise exist. *Robinson Twp. School District v. Houghton,* 387 Pa. 236, 242, 128 A. 2d 58 (1956). The right of review pertains merely to the remedy; it is not a natural, inherent or vested right. It exists as a legislative privilege to be granted or withheld as seems best to the legislature. 4 C.J.S. Appeal & Error §1. This is particularly true of appeals to our Court, which, being a statutory court, has no appellate jurisdiction except that prescribed by the legislature. 2 P.L.E. Appeals §1.

Section 60, of the Act of May 2, 1929, P. L. 1237, 23 PS §60, codifying, revising and consolidating the Divorce Law, provides for appeals in the following language: "Either of the parties in any suit or action for divorce may appeal therefrom to the Superior Court, in the manner provided by law for such appeals . . ."

"Either" means each of two; one or the other of two alternatives, one of two. Black's Law Dictionary, Merriam-Webster's New International Dictionary, 2nd Edition. Sometimes, "especially formerly" (see above dictionaries) or when "used loosely" (See *Brown's Estate,*

343 Pa. 19, 26, 21 A. 2d 898 (1941)) "either" can be used in the sense of "any". Nevertheless, according to its common and approved usage "either" means "one of two" and not "any". The Statutory Construction Act of May 28, 1937, P. L. 1019, §33, 46 PS §533, provides that words in statutes shall be construed according to their common and approved usage.

It would seem that by using "either of the parties" the legislature was referring to the plaintiff and the defendant, and did not intend to include the corespondent. See *Weyant v. General Refractories Co.*, 150 Pa. Superior Ct. 502, 506, 29 A. 2d 100 (1942).

The legislature used "either of the parties" in the Act of March 13, 1815, P. L. 286, §13 which provided "either of the parties, in any suit or action [in divorce] . . . may appeal . . ." At that time a person with whom the party to a divorce was alleged to have committed adultery had no rights of any kind in the divorce action, although section 9 of the Act of 1815, supra, provided that the husband or wife who had been guilty of adultery could not marry the person with whom the crime was committed. In the Act of 1815, "either of the parties" could have referred only to the plaintiff and the defendant.

The corespondent in a divorce action has no such legal interest in the result of the suit or in the relief demanded, as to make it necessary to join him as a party. 1 A.L.R. 1414. The issue in a divorce case is whether the contract of marriage should be severed, and the corespondent has no legal interest in that contract. *Lance v. Mason*, 235 S.W. 394, 396 (Ark. 1921); *Lickle v. Boone*, 51 A. 2d 162 (Md. 1947).

The general rule is that the person charged as particeps criminis with the defendant, in an act of adultery upon which a divorce suit is based, cannot intervene even to protect his character unless he is permitted to

do so by statute. 17 Am. Jur. Divorce and Separation §315, 1 A.L.R. 1414. This was the rule in the English ecclesiastical courts.

The rule was recognized as the law of Pennsylvania as late as 1926 in *Huston v. Huston*, 7 Pa. D. & C. 679. The court there suggested, however, that although the person accused in a divorce action with having been the one with whom the defendant committed adultery could not intervene as a party, he, nevertheless, might "attend the trial and, if not called, offer himself as a witness, and, the ground for divorce being adultery, it is not likely that the court will decline to receive any light he may be able to throw on the issues to guide its action." p. 680.

When the divorce laws were codified, revised and consolidated by the Act of May 2, 1929, P. L. 1237, supra, it was provided in section 38, 23 PS §38, that notice should be given to a corespondent named in the libel or identified in the testimony. This section has since been suspended by the Rules of Civil Procedure and replaced by Rule 1136 which provides:

"If a person is named or otherwise identified in the complaint or bill of particulars, or in the course of the hearing, as a corespondent in an action on the ground of adultery, the plaintiff shall give him ten (10) days' written notice, either personally or by registered mail directed to his last known address, of the pendency of the action, that he has been named as a corespondent, and the time and place at which he may appear and be heard."

As stated in the brief of the appellant, "Beyond this, the Legislature has been silent as to the status and rights of a corespondent. Accordingly, the problem is one of statutory construction."

Neither Section 38 of the Act of 1929, supra, nor the Rules of Civil Procedure make a corespondent a

"party" to a divorce action. Nor is there any other statute which makes a corespondent a party to a divorce action.

The Appellate Courts of this Commonwealth have never been called upon to decide the precise question now before us. However, there have been very few questions of first impression which have come before the appellate courts in which the authorities are so uniformly positive of a position as on this question.

Freedman in Law of Marriage and Divorce in Pennsylvania, Volume 1, Section 215, page 536, says: "Unfortunately, the rules merely provide for notice to the corespondent and an opportunity to be heard. His status still remains that of one not a party to the proceedings. Obviously, he is without right of appeal. In short, the rules enjoin upon plaintiff the duty to notify the corespondent and upon the court and the master the duty to permit him to offer himself as a witness. Even prior to The Divorce Law, he was permitted to testify, and accordingly the only change in the law since then is the provision requiring notice." In §683 he says: "Manifestly, no one may appeal who is not a party to the suit. The corespondent in adultery, not being a party, has no right to appeal." In §508 he says,"a corespondent in a suit for divorce charging adultery is not a party to the action although his interest in the proceedings is recognized by the requirement that he be given notice of the charge and an opportunity to be heard."

In Author's Comment under Rule 1126, page 417 of Anderson Pennsylvania Civil Practice we find, "Even where a corespondent is named, he is not made a party," and under Rule 1136, page 441, "The giving of notice to the corespondent is all that is done. Although he retains his traditional name, he is not joined as a defendant in the divorce action."

In the Commentary under Rule 1136, it is stated in Goodrich-Amram, "The corespondent is not a party to the divorce action; he is merely permitted to testify."

In 12 P.L.E. Divorce §4 it is stated, "A corespondent is not made a party even when he is named."

In 27 C.J.S. Divorce §190 it is stated, "a third person . . . cannot appeal from the divorce decree," See also 170 A.L.R. 161, 166; 17 Am. Jur. Divorce and Separation §315.

This appeal must be quashed unless the appellant can point to a statutory provision which authorizes him to take an appeal to this Court. He has not cited, nor has our research revealed, any cases in this or other jurisdictions which support his right to appeal. He relies solely, as indeed he must, upon section 60 of the Act of 1929, supra, and Procedural Rule 1136, supra. But these do not support his position.

Assuming that "either" as used in section 60 of the Act of May 2, 1929, P.L. 1237, 23 PS §60, could properly be construed as "any," the appellant would still be required to establish that he is a *party* in the suit or action.

Section 38 of the above act, 23 PS §38, supra, and Procedural Rule 1136 which replaces it, provide only for notice to a corespondent and do not make him a "party". They do not authorize him to intervene in the action. The legislature could, if it deemed it advisable, make a corespondent a party, and could grant him the right to appeal, but it has not done so.

The reputation of one named as a corespondent in a divorce action suffers thereby, and the social consequences may be serious.[1] But the effect of the decree

---

[1] "Who steals my purse steals trash; 'tis something, nothing;
'Twas mine, 'tis his, and has been slave to thousands;
But he that filches from me my good name

upon the appellant is an argument that must be directed to the legislature.

Although the decree may have serious social and personal consequences, it should be noted that it is not an adjudication *against* the corespondent, and has no legal effects upon him, except the indirect one that the defendant cannot marry him as long as the plaintiff lives.

Of course, if the defendant committed adultery with the corespondent, it follows that the corespondent must have had sexual intercourse with the defendant. But this it not a legal conclusion. Judicial fact finders, having no absolute wisdom to know the truth, must make their determination solely from the evidence bearing upon the issue before them. They may rely upon *only* such evidence as is properly admitted. The evidence admissible against the defendant to determine her wrongdoing, would not always be admissible against the corespondent if the issue were his wrongdoing. As the corespondent is not a party and the issue upon which evidence is admitted is not *his* guilt, a divorce decree is not an adjudication against the corespondent.

Whether the corespondent was guilty of fornication or adultery or was innocent of any wrongdoing was not the issue in this case. If it had been, the admissions of the defendant made in the absence of the corespondent could not have been placed in evidence *against him*. Without the admissions of the defendant, there would have been insufficient evidence in this case to find that the corespondent was guilty of any wrongdoing.

Whether the corespondent in a divorce action should be made a party to a divorce action, and allowed to

Robs me of that which not enriches him
And makes me poor indeed." Othello, Act 3, Scene 3.

appeal represents a serious problem, but it is a legislative and not a judicial problem. The legislature has not made the corespondent a party and has not authorized him to appeal. We, therefore, must quash the appeal and cannot pass upon the merits of the decree.

Appeal quashed.