21840. GILBERT v. DUNN.

SUBMITTED NOVEMBER 15, 1962—DECIDED DECEMBER 3, 1962— REHEARING DENIED DECEMBER 14, 1962.

*Preston L. Holland,* for plaintiff in error.

*Grigsby H. Wotton, Wotton, Long, Jones & Reed,* contra.

DUCKWORTH, Chief Justice. In the hope that all decisions of this court concerning subrogation might be explained and reconciled, this court in *McCollum v. Lark,* 187 Ga. 292 (200 SE 276), reviewed many of them and concluded that subrogation was of two classes, to wit: (1) legal subrogation which takes place

as a matter of equity without any agreement to that effect made with any person paying the debt; and (2) conventional subrogation which is applied where an agreement is made that the person paying the debt shall be subrogated to the rights and remedies of the original creditor; citing *Wilkins v. Gibson,* 113 Ga. 31, 42 (38 SE 374, 84 ASR 204); *Cornelia Bank v. First Nat. Bank of Quitman,* 170 Ga. 747, 750 (154 SE 234). It was further held in the *McCollum* case that subrogation will arise only in those cases where the party claiming it advanced the money to pay the debt which, in the event of default by the debtor, he would be bound to pay, or where he has some interest to protect, or where he advanced the money under an agreement, express or implied, made either with the debtor or creditor, that he would be subrogated to the rights and remedies of the creditor; citing *Wilkins v. Gibson,* supra; *Ragan v. Standard Scale Co.,* 128 Ga. 544 (58 SE 31); *Lutes v. Warren,* 146 Ga. 641 (92 SE 58); *Lee v. Holman,* 182 Ga. 559 (186 SE 189). The law as thus plainly-stated is placed beyond doubt. Its application to the facts here determines the proper judgment to be rendered. We have carefully weighed the question as to whether payment under an agreement means a lump sum or in a series of payments, and our conclusion is that it is immaterial whether payment is made by one sum or a number of payments. The heart of the question in that respect is whether or not the subrogee discharged the debt, and the manner in which this was accomplished is immaterial. Therefore, the manner in which the debt was paid, which was a number of payments, satisfies the law as to payment. The remaining question is whether or not such payments were made upon an agreement with the debtor that the payer would be subrogated to the rights and remedies of the creditor. On this question there is no evidence contradicting the testimony showing such an agreement.

Therefore, no issue of fact for decision by the jury remained as to the existence of the first lien, and the trial judge did not err in failing to submit this question to the jury and thereafter entering a decree holding the first deed to be a lien prior to the second, since equity will set aside a cancellation of such security and revive the same for his benefit. *McCollum v. Lark,* 187

534

Ga. 292 (3), supra, and cases cited in headnote 3.  Thus the court did not err in further overruling the motion to set aside this portion of the decree.

*Judgment affirmed.  All the Justices concur.*