**STATE of Texas et al., Appellants,**

**v.**

**H. S. DAVENPORT, Jr., et al., Appellees.**

**No. 301.**

Court of Civil Appeals of Texas.

Tyler.

June 29, 1967.

Rehearing Denied July 20, 1967.

A. D. Henderson, Palestine, for appellants.

Johnston & Johnston, Luther C. Johnston, Franklin C. Williams, Palestine, for appellees, H. S. Davenport, Jr., and others.

Pitman & Stilwell, Thomas H. Stilwell, Palestine, for appellee, Wade Streetman.

John B. McDonald, Palestine, for appellee, Webb Bratz.

MOORE, Justice.

This is a condemnation proceeding. Plaintiff, the State of Texas, acting by and through the City of Palestine, brought this suit to condemn certain properties owned by the defendants lying within the City Limits of Palestine, Texas. The City of Palestine, acting in its own behalf, joined in the suit as a party plaintiff. Plaintiffs alleged in their petition for condemnation that:

"The State Highway Commission of the State of Texas has found and determined that it is necessary and convenient to run said highway across said hereinabove described tract of land, and the City of Palestine, Anderson County, Texas, has found and determined that it is necessary to acquire fee simple title to said tract of land, pursuant to existing law, *same to be paid for by said City, with title thereto vesting in the State of Texas,* for the purpose of constructing, reconstructing, maintaining, widening, straightening, and lengthening said highway, through these Proceedings in Eminent Domain; * * *" (Emphasis added).

The prayer was for the appointment of Special Commissioners to assess the damages to be allowed the owner or owners of said land, "same to be paid for by said City," and for such other proceedings, orders and judgment "vesting fee simple title to said land in the State of Texas, * *."

Special Commissioners were appointed by the court and after a hearing, the Commissioners rendered an award dated March 12, 1965, apportioning damages among the various defendants. Thereafter, funds were deposited into the Registry of the Court in accordance with the various awards and were withdrawn by the condemnees.

On March 16, 1965, the City of Palestine filed its objections to the award of the Special Commissioners, which read in part as follows:

"Now comes The City of Palestine, one of the Plaintiffs in the above styled Proceedings in Eminent Domain and objects to the Award of the special commissioners, * * * heretofore appointed * * * to assess the damages against the Plaintiff, The City of Palestine, and The State of Texas, by the taking of land, * * *"

Then followed the specific objections wherein the award was objected to on the ground that the damages were excessive and that same were arrived at by improper methods. The instrument concluded with a prayer, praying that the landowners be cited to appear and answer therein and that the cause be tried in the County Court of Anderson County, Texas, as in other civil cases. The instrument was signed "The City of Palestine" by A. D. Henderson, City Attorney, and was properly filed with the County Clerk of Anderson County, Texas.

After being served with citation, each of the defendants filed a motion to dismiss the objections, alleging that the City of Palestine and the State of Texas were joint plaintiffs and joint condemnors, and as such, neither of them, acting alone, could file objections and properly perfect an appeal without the joinder of the other. In other words, they asserted that before an appeal could be perfected, it was necessary for all party plaintiffs to file objections; that since the objections filed by the City failed to show that the State of Texas joined therein, or that the State was a party to the objections, either directly or acting by and through the City, there were no objections by the State. Consequently, they reason that the objections pending before the court, joined in by only one of the condemning parties, were not sufficient to properly perfect an appeal to the County Court. Defendants prayed that the objections be dismissed and that the decision and award of the Special Commissioners be made the judgment of the court.

On January 18, 1967, the trial court, without a hearing, entered an administrative order making the award of the Special Commissioners the judgment of the court. The order recited that no objections to the award had been filed by either party.

Both the State of Texas and the City of Palestine excepted to the ruling of the court and gave notice of appeal. By a single point of error, plaintiffs assert that the trial court committed reversible error in dismissing the objections thereby denying plaintiffs the right of an appeal.

The right of an appeal from the award of the Special Commissioners is provided for in Subdivision 6 of Art. 3266, Vernon's Ann.Civ.St., as follows:

"If either party be dissatisfied with the decision, such party may, on or before the first Monday following the 20th day after the same has been filed with the county judge, file his objections thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court. * * *"

It is also provided in Subdivision 7 of the foregoing Article that:

"If no objections to the decision are filed within the time prescribed by Subdivision 6 of this Article, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court * * *."

The question to be determined is whether Article 3266, supra, requires all party plaintiffs to object to the award in order to perfect an appeal or whether the timely filing of objections to the award, joined in by only one of the plaintiffs, is sufficient to perfect an appeal. The question appears to be one of first impression.

In approaching the problem, we think the legal relationship which existed between the plaintiffs at the time this proceeding was filed is of some significance. In order to properly understand that relationship and the reason for both the State and City being made party plaintiffs, a review of the statutes relating to the acquisition of land for State Highway purposes will be helpful.

Article 6673–b, V.A.C.S., provides that:

"The State Highway Commission is hereby authorized and empowered, in its discretion, to enter into contracts or agreements with the governing bodies of incorporated cities, towns, and villages, whether incorporated under the home rule provisions of the Constitution, Special Charter, or under the General Laws, providing for the location, relocation, construction, reconstruction, maintenance, control, supervision, and regulation of designated State highways within or through the corporate limits of such incorporated cities, towns, and villages, and determining and fixing the respective liabilities or responsibilities of the parties

resulting therefrom; and such incorporated cities, towns, and villages are hereby authorized and empowered, through the governing bodies of such cities, towns, and villages to enter into such contracts or agreements with the State Highway Commission. Added Acts 1939, 46th Leg., p. 581, § 1."

Article 6673e–1, V.A.C.S., provides that:

"In the acquisition of all rights of way authorized and requested by the Texas Highway Department, in cooperation with local officials, for all highways designated by the State Highway Commission as United States or State Highways, the Texas Highway Department is authorized and directed to pay to the counties and cities not less than fifty per cent (50%) of the value as determined by the Texas Highway Department of such requested right of way, or the net cost thereof, whichever is the lesser amount; provided, that if condemnation is necessary, the participation by the Texas Highway Department shall be based on the final judgment, conditioned that such Department has been notified in writing prior to the filing of such suit and prompt notice is also given as to all action taken therein. Such Department shall have the right to become a party at any time for all purposes, including the right of appeal at any stage of the proceedings.

"The various counties and cities are hereby authorized and directed to acquire such right of way for such highways as are requested and authorized by the Texas Highway Department, as provided by existing laws, and in the event condemnation is necessary, the procedure shall be the same as that set out in Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, and amendments thereto."

■ An examination of the allegations in the petition for condemnation shows that the purpose for which the land was to be appropriated was for State Highway purposes, and thus was to be devoted to the use and benefit of all the people of the State. The State was the party who sought title to the land. The City of Palestine was not seeking title nor was the City seeking to appropriate the land for the use and benefit of only the citizens within the City. The State was thus the condemnor. 22 Tex.Jur.2d, Sec. 226, p. 335.

It further appears from the pleading that the City joined the State as a party plaintiff, not as joint condemnor, but only because of its obligation to pay the amount of damages awarded the landowners.

■ Under the provisions of the foregoing statutes, cities are not only authorized by law to acquire right of way on behalf of the State, but are directed to do so. The statutes also provide that the State shall reimburse the cities for a portion of the cost thereof. Thus, by legislative sanction, cities have a direct financial interest in the outcome of litigation involving condemnation of land within the City to be used for State Highway purposes. For this reason, it appears that the City of Palestine was a proper party to the proceeding as distinguished from a mere formal or nominal party. Rule 40, Texas Rules of Civil Procedure.

■ As we view the statute granting "either party" the right of an appeal to the courts, we do not believe the Legislature intended to require all party plaintiffs or all party defendants to collectively join in the objections to the award in order to secure a trial in the courts.

The word "either" does not mean "all." Fort Worth St. Ry. Co. v. Rosedale St. Ry. Co., 68 Tex. 169, 4 S.W. 534. The word "either" is quite frequently used in the sense of "each" or "any." Black's Law Dictionary.

■■ Our courts have consistently held that any one of the number of defendants in a condemnation proceeding may file ob-

jections and perfect an appeal from the award without the joinder of other defendants. 22 Tex.Jur.2d, Sec. 271, p. 385; citing cases; see also, City of Houston v. Huber, (Tex.Civ.App.) 311 S.W.2d 488. Thus, when applied to the defendants in condemnation, the phrase "either party" is not applied in a collective sense, and consequently, we see no valid reason why the phrase should apply in a collective sense to all party plaintiffs. It was evidently the design of the Legislature to secure any interested party the right of a trial in the courts. Therefore, we believe that the phrase "either party" was intended to mean "any" party. To give the statute the construction contended for by defendants would mean that in any case where the parties on either side of the controversy were unable to agree on the reasonableness of the award, the award would necessarily become the final judgment, because neither of the party plaintiffs nor party defendants would be able to perfect an appeal unless they all, collectively, joined in the objections. Such construction would be contrary to the decided cases holding that any interested defendant may perfect an appeal. Moreover, such construction would not achieve justice in that no aggrieved party, whether plaintiff or defendant, would ever be able to have his rights adjudicated by the courts unless he was able to obtain the consent of all other parties on his side of the docket.

It is our conclusion that the objections filed by the City were sufficient to confer jurisdiction upon the County Court of Anderson County and the court having acquired jurisdiction, the trial judge was not authorized to summarily dismiss the objections and thereby deny the City of its right of a trial as in other civil cases.

For the reasons stated, the action of the trial court in dismissing the objections and entering judgment upon the award must be reversed and the cause remanded to the County Court of Anderson County, Texas.

Reversed and remanded.