## 47432.   WARRIOR CONSTRUCTORS, INC. v. E. C. ERNST COMPANY, INC.

HALL, Presiding Judge. The defendant general contractor appeals from the denial of its motion for summary judgment. The plaintiff subcontractor placed certain of its electrical equipment in a building at the job site which flooded after a heavy rainfall. The subcontractor filed an action alleging that the general contractor was liable for the damage to the equipment.

Before the action, however, the subcontractor had executed a document which provided in pertinent part: "[Subcontractor] does hereby release [General Contractor] from any and all claims of every nature arising under or by virtue of said subcontract." The general contractor contends this is an unambiguous and general release which extinguishes the claim asserted and that its motion for summary judgment should have been granted.

"Construction of ambiguous contracts is the duty of the court, and it is only after application thereto of the pertinent rules of construction, and they remain ambiguous, that extrensic evidence is admissible to explain the ambiguity." *Davis v. United American Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488). "It does not follow that merely because there are two possible interpretations which might be employed in construing a contract the matter automatically becomes a question for the jury. If that were true the court would rarely, if ever, construe a contract as *Code* § 20-701 declares its duty to be. The role and function of a court is higher than that of a mere referee." *Farm Supply Co. of Albany v. Cook,* 116 Ga. App. 814, 816 (159 SE2d 128).

The sole question here is one of law—the construction of the release clause. It either includes the claim alleged in the subcontractor's petition or it does not and the answer to this question must come from the court not a jury.

The subcontractor's petition alleges that it placed the damaged equipment in the room "pursuant to the authority, requirements and provisions of its *subcontract,*" that "it was the *duty* of the defendant *under its contract* . . . to provide protection for all work being performed by the plaintiff on said premises under its *subcontract*" and that "all of the aforesaid *damage* to plaintiff was *proximately caused* by the *breach of its contract duties* by defendant . . ." Based upon the subcontractor's own pleading, its suit is a claim "arising under or by virtue of said subcontract" and the release is a bar to this action. See *A-1 Bonding Service, Inc. v. Hunter,* 125 Ga. App. 173 (1)

(186 SE2d 566); *National Advertising Co. v. North American Ins. &c. Co.*, 122 Ga. App. 481 (177 SE2d 510).

The trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Bell, C. J., Eberhardt, P. J., Pannell, Deen, Clark and Stolz, JJ., concur. Evans, J., concurs in the judgment. Quillian, J., dissents.*

ARGUED SEPTEMBER 11, 1972—DECIDED JANUARY 18, 1973.

*Swift, Currie, McGhee & Hiers, George W. Hart, Frederick F. Saunders, Jr.,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Max B. Hardy, Jr.,* for appellee.