### 32491. HOLCOMB v. WORD.

MARSHALL, Justice.

Word, as buyer of a 181.67-acre tract of land, sued Holcomb, the holder of a deed to secure debt to which the land was subject, for specific performance requiring the release of a 40.68-acre tract of the land.

The controversy is over the meaning of the word "either" in the following portion of the release provision of the deed to secure debt: "No more than one-half (1/2) of the road frontage on *either* side of that said Vaughn Mill Road frontage running North and South through the center of the property can be released before all of the back property has been released on *either* side of the road. Any tract releases shall run from road front to back property line and be contiguous to future releases." (Emphases supplied.)

The defendant contended that "either" can mean one or the other, or both, and that this ambiguity creates a jury issue. The trial judge disagreed, and granted the plaintiff's motion for judgment on the pleadings, from which judgment the defendant appeals. We affirm.

" 'Construction of ambiguous contracts is the duty of the court, and it is only after application thereto of the

pertinent rules of construction, and they remain ambiguous, that extrinsic evidence is admissible to explain the ambiguity.' *Davis v. United American Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488). 'It does not follow that merely because there are two possible interpretations which might be employed in construing a contract the matter automatically becomes a question for the jury. If that were true the court would rarely if ever, construe a contract as Code § 20-701 declares its duty to be. The role and function of a court is higher than that of a mere referee.' *Farm Supply Co. of Albany v. Cook,* 116 Ga. App. 814, 816 (159 SE2d 128)." *Warrior Constructors, Inc. v. E. C. Ernst Co.,* 127 Ga. App. 839, 840 (195 SE2d 261) (1973). "The construction of the release provision of the security deed is a question of law for the court. *Honea v. Gilbert,* 236 Ga. 218 (223 SE2d 115) (1976)." *Madison, Ltd. v. Price,* 237 Ga. 904, 905 (230 SE2d 297) (1976).

"The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." Code Ann. § 20-704 (4) (Ga. L. 1964, pp. 414, 415). The release clause contains provisions to the following effects: (1) that the appellee may select the property to be released; (2) that property selected by the appellee cannot result in remaining property's being denied access to a public street or road; (3) that all property releases must be contiguous to property previously released; (4) that any property released which has road frontage on Vaughn Mill Road may begin on either the east *or* west side of the road, and must begin at either the north or south corners; (5) that no more than one-half of the road frontage on either side of Vaughn Mill Road can be released until all of the back property on either side has been released; and (6) that a tract release must run from road front to back property line.

It is apparent from a reading of all the terms of the release clause that the overriding consideration is to prevent denial of access to a public street or road to any portion of the property involved. This can be accomplished with reference to only one side of the road at a time, independently of the other side, since access could be had from both sides of the road.

Code Ann. § 20-704 (2) provides, "Words generally bear their usual and common signification; but technical words, or words of art, or used in a particular trade or business, will be construed, generally, to be used in reference to this peculiar meaning. The local usage or understanding of a word may be proved in order to arrive at the meaning intended by the parties." Although the use of "either" to mean "both" is recognized in dictionaries and fairly common in the vernacular, this is not a technically accurate usage which would normally or correctly be employed in a legal document. Since the term "both" was available, and would more accurately designate the two sides of the road, we will not assume that the less accurate usage of "either" was intended, but rather that usage which is distinctive and unique to the word. This construction has been adopted in other jurisdictions. See State v. Davenport (Tex. Civ. App.), 417 SW2d 337 (1967); Continental Television Corp. v. Caster, 42 Ill. App. 2d 122 (191 NE2d 607) (1963); Branch v. Branch, 188 Pa. Super. 587 (149 A2d 573) (1959).

Accordingly, the grant of the motion for judgment on the pleadings was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 1, 1977 — DECIDED
OCTOBER 20, 1977.

*Holcomb & McDuff, Frank D. Holcomb, Gregory S. Crone,* for appellant.

*Schreeder, Wheeler & Flint, David H. Flint,* for appellee.