## 58139. DAVIDSON v. BAIER CORPORATION.

DEEN, Chief Judge.

In March, 1973, the appellant purchased from the appellee's assignor a certain tract of land for which he executed a note and deed to secure debt for the balance of the purchase price, subject to four prior deeds to secure debt to the property. Both the note and the loan deed contained the following clause: "[T]he undersigned shall have no obligation or liability for the payment of this note beyond the undersigned's interest in the real property described in the deed to secure debt . . . holder agrees that in the event of a default hereunder holder will rely solely for the payment hereof on the collateral . . . and will not . . . seek recourse against the undersigned for any deficiency remaining after a foreclosure of said deed to secure debt and a sale of said real property; provided, however, that at the time such foreclosure is commenced the undersigned is not in default for nonpayment of principal or accrued interest under any note which is secured by a deed to secure debt having a lien on said real property with a priority senior to the lien of the deed to secure debt securing this note."

Davidson defaulted in the payment of one or more of the prior secured debts on the property and the holder of the senior loan deed foreclosed on it in August, 1976, under power of sale, thus wiping out the equities of the appellant and all other lienholders. For reasons that are not apparent the appellee commenced a foreclosure proceeding in December, 1977, which was subsequently dismissed. It then filed the present suit on the note seeking the balance owing thereunder, which was in default, and on its motion was granted a summary judgment from which Davidson appeals. *Held:*

1. We must first recognize the rule that it does not follow from the fact that there are two possible interpretations of a contract that the matter automatically becomes a question for the jury. *Warrior Constructors, Inc. v. E. C. Ernst Co.,* 127 Ga. App. 839, 840 (195 SE2d 261) (1973); *Holcomb v. Word,* 239 Ga. 847 (238 SE2d 915) (1977). Thus, the mere fact that the parties here insist that as a matter of law the clause in question

does or does not exculpate the appellant from liability on the note does not alone push the decision within the realm of jury determination.

2. However, when we give precedence to the basic rule of construction that the intention of the parties should control, we reach a different result. Davidson in his affidavit opposing the motion for summary judgment avers that the intent of the instrument was to exculpate him from liability, leaving the plaintiff only the property itself as security, unless after foreclosure of the deed to secure debt extant between the parties there was a deficiency established in a confirmation sale combined with a default on a prior lien occurring at the time the foreclosure was initiated. The affidavit of the seller, on the other hand, states that the intent of the parties was to impose personal liability upon J. Dean Davidson if he should jeopardize the underlying collateral by defaulting on any indebtedness which was secured by a senior lien against the property.

3. It is also possible that the exact situation here involved is not one considered by either party to the contract and that there was in fact *no intent* covering the situation at issue. That is, there is a blanket clause releasing the buyer from liability beyond his interest in the property hedged in by the proviso that the blanket clause does not apply if the seller forecloses at a time when the buyer is also in default on a prior deed. Did either or both parties contemplate a situation where the foreclosure of the prior deed before initiation of foreclosure on the deed in question renders much of this language meaningless? "No implied obligation can exist under a contract upon a point which it is apparent was not in the minds of the parties when the contract was executed." 17 AmJur2d 652, Contracts, § 255.

It has also been stated many times that the issue of the severability of a contract is determined by the intention of the parties as evidenced by the terms of the contract. *Dozier v. Shirley,* 240 Ga. 17, 18 (239 SE2d 343) (1977). The same rule of construction may be applied to a single but independent facet of a contract, and we regard the exculpatory clause quoted here as being entire, rather than severable, in its provisions. From this it follows that

the parties to the contract, by their diverse affidavits, have created a jury issue as to what their intent actually was if in fact a prior default had resulted in foreclosure by a third party before the seller or his assignee foreclosed, assuming a default to exist. Should it eventuate on the trial, however, that there was no intent, either express or implied, which covered the situation here existing, then the exculpatory clause, being construed as entire and indivisible, must necessarily fail.

The trial court erred in granting summary judgment instead of allowing the issues to be decided by a jury.

*Judgment reversed. McMurray, P. J., Smith, Banke and Underwood, JJ., concur. Quillian, P. J., Shulman, Birdsong and Carley, JJ., dissent.*

ARGUED JULY 2, 1979 — DECIDED SEPTEMBER 12, 1979.

*Charles C. Pritchard, Abraham A. Sharony,* for appellant.

*Adolphus B. Orthwein, Jr., Ben F. Johnson, III,* for appellee.

CARLEY, Judge, concurring in part and dissenting in part.

I concur in the majority's reversal of the grant of summary judgment in favor of the plaintiff. However, in addition to granting the plaintiff's motion for summary judgment, the order from which this appeal is taken also denied defendant's motion for summary judgment. I would reverse the judgment of the trial court not because — as the majority reasons — there is an ambiguity susceptible only to jury construction but because I believe that the application of the recognized rules of construction mandates an interpretation which is contrary to that articulated by the trial judge. Since under the construction which I believe to be correct, the defendant would be entitled to judgment as a matter of law, I would reverse not only the grant of summary judgment to plaintiff but also the denial of defendant's motion for summary judgment. Accordingly, I dissent from the majority's decision remanding the case for trial by jury.

The entire clause in dispute, a portion of which is quoted in the majority opinion, is as follows:

"Notwithstanding any other provision of this note, the undersigned shall have no obligation or liability for the payment of this note beyond the undersigned's interest in the real property described in the deed to secure debt hereinabove mentioned, including the rents, issues and profits thereof and the proceeds from a sale of said real property. By the acceptance of this note and said deed to secure debt, holder agrees that in the event of a default hereunder holder will rely solely for the payment hereof on the collateral securing this note pursuant to said deed to secure debt and will not sue or otherwise seek recourse against the undersigned *for any deficiency remaining after a foreclosure of said deed to secure debt and a sale of said real property;* provided, however, that at the time *such foreclosure* is commenced the undersigned is not in default for nonpayment of principal or accrued interest under any note which is secured by a deed to secure debt having a lien on said real property with a priority senior to the lien of the deed to secure debt securing this note. The foregoing provisions concern the liability of the undersigned and do not in any manner, and shall not be interpreted or construed to, affect or impair the rights of holder to pursue any remedy which holder may have under said deed to secure debt (including the right to take possession of said real property and collect the rents therefrom, if any, to foreclose and sell said real property, and to the appointment of a receiver) or the right, title and interest of holder in said real property." (Emphasis supplied.)

I agree with the majority's recognition of the rule that construction of a contract does not automatically become a question for a jury simply because there are two possible interpretations advanced by the parties. The mandate of Code Ann. § 20-701 makes it the duty of the court not only to construe unambiguous contracts but, by the application of the pertinent rules of construction, ambiguous contracts. Interpretation of a contract becomes a question for the jury only if it is ambiguous *and* if the ambiguity remains after the application of the rules of construction. *Davis v. United Am. Life Ins. Co.,* 215 Ga.

521 (2) (111 SE2d. 488) (1959); *Pisano v. Security Management Co.,* 148 Ga. App. 567 (251 SE2d 798) (1978).

As recognized by the majority, the cardinal rule of construction "is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Code Ann. § 20-702. Code Ann. § 20-704 provides several rules which, "among others," are to be used in arriving at the "true interpretation of contracts." Among these are that "[w]ords generally bear their usual and common signification . . ." (Code Ann. § 20-704 (2)) and that "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part" (Code Ann. § 20-704(4)). Although they may be disregarded if it is necessary to effectuate the intention of the parties, "[t]he rules of grammatical construction usually govern . . ." (Code Ann. § 20-704 (6)).

Applying the pertinent rules of contract construction, it becomes clear that by including in the instruments the clause in question the intention of the parties was to relieve the defendant from any personal liability except as expressly provided by said clause "[n]otwithstanding any other provision of this note . . ." I believe that the correct construction of the entire clause in issue requires a determination that, in this litigation, the plaintiff cannot assert against the defendant any claim arising out of or in connection with the promissory note.

It is true that the clause envisioned circumstances under which there would be some limitation of the exculpatory effect thereof. However, unlike the majority, I construe such proviso as modifying only the phrase immediately prior to the semicolon preceding the proviso so that the limitation upon the defendant's exemption from personal liability applies only to the specific factual situation described, i.e., ". . . deficiency remaining after a foreclosure of said deed to secure debt and a sale of said real property." In other words, if the plaintiff had foreclosed the deed to secure debt and if there had been a

deficiency for which the holder was otherwise entitled to sue, the exculpatory clause would not have prevented him from bringing an action against the defendant personally if, at the time of such foreclosure, the defendant had been in default under superior loan deeds. Since the lien effect of the deed to secure debt in this case was extinguished by the prior foreclosure of superior loan deeds, the possibility of the vesting of the right to invoke this exception to defendant's insulation from personal liability was likewise extinguished. Thus, whatever effect the proviso would have had in the event of foreclosure and later suit for deficiency cannot be considered now because the issue is moot.

That the proper application of the rules of contract construction requires the interpretation above advanced is seen more clearly by an analysis of the remedies which would have been available to the plaintiff had there been no exculpatory language whatsoever. In the absence of any exculpatory clause, the plaintiff could, immediately upon default, file a suit on the note against the defendant without foreclosing. Since such an action would not be an action to obtain a "deficiency judgment," the absence of a foreclosure sale and the confirmation thereof would not constitute a defense. *Gentry v. Hibbler-Barnes Co.,* 113 Ga. App. 1 (147 SE2d 31) (1966); *Brown v. Ga. State Bank,* 141 Ga. App. 570 (234 SE2d 151) (1977). Alternatively, the plaintiff, in such a situation, could exercise the power of sale and foreclose the loan deed in contemplation of an action for the deficiency. However, if the latter course of action were to be followed, statutory as opposed to contractual provisions would require that, as a condition precedent to any action for the deficiency, the foreclosure sale be confirmed by the superior court of the county in which the land lies. Ga. L. 1935, p. 381; Code Ann. §§ 67-1503—67-1506.

In this case, however, we do have the exculpatory clause and, under the clear, unequivocal, unconditional language contained in the initial sentence thereof, the first alternative (suit against defendant on the note prior to foreclosure) was unavailable to the plaintiff ab initio. If, however, while the lien of the loan deed was extant and the power of sale viable, the plaintiff had exercised the

power *and* if — there being a deficiency after foreclosure — the plaintiff had obtained an order confirming the foreclosure sale *and if and only if* at the commencement of the foreclosure, defendant had been in default under any note secured by a superior deed to secure debt, a subsequent action for the deficiency would not have been barred by the exculpatory clause.

However, as pointed out above, the factual situation in which the defendant would not be shielded by the clause granting him exculpation from personal liability did not arise and, under the undisputed facts shown by the record, can never arise.

Therefore, I concur in the reversal of the trial court's judgment which I believe erroneously construes the contract. However, I think that the judgment is erroneous because the defendant is entitled to prevail as a matter of law; accordingly, I dissent from the majority's failure to reverse the trial court's denial of defendant's motion for summary judgment.

I am authorized to state that Presiding Judge Quillian and Judges Shulman and Birdsong join in this dissent.