61693. BAIER CORPORATION v. DAVIDSON.

CARLEY, Judge.

This is the second appearance of this case before this court. *Davidson v. Baier Corp.,* 151 Ga. App. 314 (259 SE2d 707) (1979). The facts, insofar as relevant to the issues on this appeal, are as follows: Davidson purchased a tract of land for which he executed a note and deed to secure debt for the balance of the purchase price, subject to four prior deeds to secure debt on the property. Both the note and the loan deed contained the following clause:

"Notwithstanding any other provision of this note, the undersigned shall have no obligation or liability for the payment of this note beyond the undersigned's interest in the real property described in the deed to secure debt hereinabove mentioned, including the rents, issues and profits thereof and the proceeds from a sale of said real property. By the acceptance of this note and said deed to secure debt, holder agrees that in the event of a default hereunder holder will rely solely for the payment hereof on the collateral securing this note pursuant to said deed to secure debt and will not sue or otherwise seek recourse against the undersigned for any deficiency remaining after a foreclosure of said deed to secure debt and a sale of said real property; provided, however, that at the time *such foreclosure* is commenced the undersigned is not in default for nonpayment of principal or accrued interest under any note which is secured by a deed to secure debt having a lien on said real property with a priority senior to the lien of the deed to secure debt securing this note. The foregoing provisions concern the liability of the undersigned and do not in any manner, and shall not be interpreted or construed to, affect or impair the rights of holder to pursue any

remedy which holder may have under said deed to secure debt (including the right to take possession of said real property and collect the rents therefrom, if any, to foreclose and sell said real property, and to the appointment of a receiver) or the right, title and interest of holder in said real property."

It is undisputed that Davidson subsequently defaulted in the payment of one or more of the prior secured debts on the property and foreclosure under those deeds resulted in 1976. After foreclosure under the prior senior deeds had taken place, Davidson's note was assigned by the holder to Baier Corporation (Baier) and the deed to secure debt was subsequently transferred to Baier in 1977. Thereafter, Baier instituted "foreclosure" proceedings under the deed which were dismissed. Baier then instituted suit against Davidson on the note which was in default and, after discovery, Baier moved for summary judgment. "Davidson in his affidavit opposing the motion for summary judgment aver[red] that the intent of the instrument was to exculpate him from liability, leaving the [holder] only the property itself as security, unless after foreclosure of the deed to secure debt extant between the parties there was a deficiency established in a confirmation sale combined with a default on a prior lien occurring at the time the foreclosure was initiated. The affidavit of [Baier's assignor], on the other hand, state[d] that the intent of the parties was to impose personal liability upon J. Dean Davidson if he should jeopardize the underlying collateral by defaulting on any indebtedness which was secured by a senior lien against the property." *Davidson v. Baier Corp.,* 151 Ga. App. 314, 315, supra. On this evidence summary judgment was granted to Baier. On appeal this court reversed because "the parties to the contract, by their diverse affidavits, have created a jury issue as to what their intent actually was if in fact a prior default had resulted in foreclosure by a third party before the seller or his assignee foreclosed, assuming a default to exist. Should it eventuate on the trial, however, that there was no intent, either express or implied, which covered the situation here existing, then the exculpatory clause, being construed as entire and indivisible, must necessarily fail." *Davidson v. Baier Corp.,* 151 Ga. App. 314, 316, supra.

After the grant of summary judgment to Baier was reversed by this court, the case was returned to the trial court and a bench trial was held. The trial court, after making extensive findings of fact and conclusions of law, entered judgment for Davidson. It is from this judgment that Baier appeals in the instant case.

We find meritless Baier's assertion that, in contravention of the law of the case as established in the prior appeal, the trial court erroneously entered judgment for Davidson after finding that the

parties had no contractual intent that the provision cover the situation where there had been a foreclosure of the prior senior loan deeds before initiation of foreclosure proceedings on Baier's deed. The order reveals no such finding of fact was made by the trial judge. Rather, the trial court found that "[i]t was the intention of the parties, when the offer was made by [Davidson] to buy this property, that he not be held personally liable ultimately on the note, which was partial payment for the property . . . [A]ll the parties intended that if the note became unpaid, it would be satisfied out of the sale of the property . . . The parties intended that in the event the property had to be sold to pay the note, the sale would satisfy the note even though there were four senior secured notes on the same property; or the seller was to bear the risk of there being adequate proceeds from sale. The seller, however, did not intend to allow [Davidson] to have a full and complete exculpation but rather wished to protect its position by limiting [Davidson's] nonliability for any deficiency after sale." The trial court therefore found that the parties contemplated and intended that in the event of Davidson's default on his underlying note the holder would exercise the right to foreclose on the property, "if necessary, fairly quickly" and that Davidson "keep prior notes current so that the [holder's] interest in the value of the property, *should foreclosure [by the holder] occur,* would not be jeopardized by a reaching into the property's value by . . . senior lienors." (Emphasis supplied.) Thus the trial court found that it was the intent of the parties to impose personal liability on Davidson for the instant note if he should jeopardize the underlying collateral by defaulting on any indebtedness which was secured by a senior lien against the property but that such personal liability could be assertable *only* in the event foreclosure of the deed to secure debt between the parties had commenced at a time when Davidson was in default on a senior lien. In the words of the trial judge: "The fundamental intention of the parties was payment of the note, of course. Barring that, they agreed that the property itself would and could suffice for the property to satisfy the note. There would ordinarily have to be a foreclosure, and that is what the parties intended to occur. The foreclosure itself was to protect [Davidson] from any personal liability. It was the intention of the parties for the seller to foreclose in order to give effect to the protection that was insisted upon by [Davidson]." These findings of fact by the trial judge amply support the conclusion of law that the parties intended that institution by the holder of foreclosure proceedings against the property was a condition precedent to an action against Davidson on the note. See generally *Williams Valve Co. v. Amorous,* 19 Ga. App. 155 (91 SE 240) (1916). Compare *Peck v. Precision Machine Co.,* 20 Ga. App. 429 (2) (93 SE 106) (1917).

Implicit in the findings and conclusion of the trial judge that foreclosure was a condition precedent to the instant action on the note is that the parties "intended" that absent such a foreclosure on the property there could be no recovery against Davidson personally on the note. See generally *ABCO Builders v. Peavy Concrete Products,* 123 Ga. App. 167 (3) (179 SE2d 695) (1971). It thus follows that implicit in the findings and conclusion of the trial judge is that the parties "intended" the exculpatory clause to cover *the situation* where, as here, there has been no compliance with the condition precedent of foreclosure on the property. "Where the intent of the parties is clearly expressed in the instrument, or has been fully ascertained from the circumstances, the rule of strict construction applies, and the [party whose obligation is conditional upon the performance by the opposite party of a condition precedent] may stand upon the precise terms of his contract. [Cits.]" *Williams Valve Co. v. Amorous,* 19 Ga. App. 155 (5), supra. The trial court found that foreclosure by Baier's assignor could have been "commenced" at a time when Davidson's personal liability on the note could have been established but "[i]nstead, it simply allowed the senior lienors to foreclose, and that was not part of the agreement here. It was not the intention of the parties to allow the seller to wait until all of the senior liens were foreclosed, in order to then seek payment of the entire note personally from [Davidson]." Davidson did nothing to prevent performance of this condition precedent to his personal liability on the note. In what the trial court termed a "rather useless exercise" since it followed foreclosures of the three senior deeds in 1976, Baier "finally commenced foreclosure on December 8, 1977, [but at that time Davidson] was not 'in default for nonpayment' of the prior notes, for the reason that they had all been foreclosed in the interim or returned to the maker."

It is thus apparent that the trial court found that the parties intended that Davidson escape personal liability on the note except in the limited situation where foreclosure proceedings had been instituted by the holder at a time when Davidson was in default under a senior secured note. Through no fault of Davidson there was a failure to perform this condition precedent to his personal liability, resulting in the foreclosure of the senior deeds and making foreclosure of Baier's deed to secure debt a "rather useless exercise." Thus it may be said of the instant case that "[t]he evidence fails to disclose that the contingencies have occurred, or . . . ever will occur in a manner which obligates [Davidson] to pay [Baier] the balance on the [note], in view of [the prior] foreclosure proceedings on the property involved . . ." *ABCO Builders v. Peavy Concrete Products,* 123 Ga. App. 167, 168, supra. It was not error, for any reason urged on

appeal, to enter judgment for Davidson. See generally *Dingfelder v. Ga. Peach Growers Exchange,* 184 Ga. 569 (192 SE 188) (1937); *Williams Valve Co. v. Amorous,* 19 Ga. App. 155, supra.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 16, 1981.

*Adolphus B. Orthwein, Jr.,* for appellant.
*Steven Schaikewitz, Abraham A. Sharony,* for appellee.