## 64625. BELVEDERE BUILDERS, INC. et al. v. FIRST AMERICAN TITLE INSURANCE COMPANY.

QUILLIAN, Chief Judge.

The instant appeal was brought from the grant of plaintiff's motion for summary judgment. The case arose out of the following set of facts. On December 31, 1973, the appellant, Belvedere Builders, Inc. (Belvedere) executed and delivered a promissory note in the principal amount of $2,850,000.00 to Wachovia Mortgage Company (Wachovia). The note was given in connection with certain land development loans by Wachovia to Belvedere, relating to real property located in DeKalb County, known as Scarborough Square or the Crown-Cowan property. The Wachovia note was endorsed by the appellant, D. T. Bonner, Sr., and secured by the real property. On the same date, as a result of the purchase of the Cowan property from Douglas M. and Maude E. Cowan, Belvedere executed and delivered a promissory note in the principal amount of $100,000.00 to the Cowans. This note was also personally endorsed by Bonner and secured by the same real property as the Wachovia note.

The appellants, Belvedere and Bonner, defaulted on both the Wachovia and the Cowan notes. Thereupon, Wachovia attempted to foreclose on the property under its power of sale and security deed. In order to prevent their purchase money security deed from being thereby cut off, the Cowans brought suit against Wachovia, seeking to enjoin the foreclosure. As a result of the suit, the Cowans received a judgment against Wachovia on June 14, 1978, awarding them priority in the collateral; that is, that their claim was superior to the claim of Wachovia.

The plaintiff, First American Title Insurance Company, had provided title insurance to Wachovia as to the real property in question. As a result, the plaintiff entered into negotiations with the Cowans, which resulted in a settlement whereby the plaintiffs purchased by assignment the Cowan note for $135,000.00, thereby eliminating Cowan's claim to the subject property. This occurred on April 30, 1979.

However, at a time when the suit between the Cowans and Wachovia were still pending and unresolved, on November 14, 1978,

Wachovia entered into a settlement agreement in writing with the appellants Belvedere and Bonner. The settlement agreement contained a general release which is the subject of the principal argument between the parties in this case. The release provided ". . . Wachovia has remised, released, and forever discharged, and, by these presents, does release, remise and forever discharge Borrowers (Defendants herein), jointly and severally of and from all and any manner of any actions, causes of actions, suits, debts due, sums of money, accounts, reckonings, bonds, bills, salaries, commissions, specialties, covenants, contracts, controversies, agreements, promises, claims and demands, whatsoever, at law or in equity, against Borrower or any of them, which Wachovia ever had, now has or shall have for or because of anything done or omitted to be done by Borrowers from the beginning of the world to the time of execution of this Agreement, including, but not limited to, those claims and demands arising out of or in any way connected with said Loans and the foreclosures thereof, the collateral and security for said Loans, . . ."

On November 16, 1979, First American Title filed a complaint against Belvedere Builders and Bonner seeking to enforce the provision of the Cowan note. Belvedere and Bonner each defended inter alia on the ground that the claim asserted by the plaintiff had been released and discharged. Both parties moved for summary judgment and after a hearing, the trial judge entered an order granting the plaintiff's motion for summary judgment and denying the defendant's motion for summary judgment. The defendants, thereupon, appeal to this Court.

The issue in this case may be simply stated as requiring a determination of whether the release entered into by Wachovia with Belvedere and Bonner serve to bar the plaintiff, First American Title, from enforcing the provisions of the Cowan note which it obtained by purchase and settlement from the Cowans. At the outset, it should be noted that neither the Cowans nor the plaintiff were parties to the release agreement.

The defendants argue that First American Title was subrogated to the rights of Wachovia and thus stood in its shoes for the purpose of this action. It is therefore argued that since Wachovia could not recover on this note, that First American Title could not recover. The plaintiffs argue that subrogation is not involved in this case, since First American Title stood in its own right as a holder of a note, with full power to enforce it, and obtain payment thereunder.

Assuming but not deciding that the plaintiff had no greater rights than Wachovia, the critical issue involves precisely what rights Wachovia released under the terms of its settlement agreement with

Belvedere and Bonner. We turn again to the pertinent provisions of the release, which after providing for the release of claims, causes of action, etc., state "... which Wachovia ever had, now has, or shall have for or because of anything done or omitted to be done by Borrowers from the beginning of the world to the time of execution of this Agreement, including, but not limited to, those claims and demands arising out of or in any way connected with said Loans and the foreclosures thereof, the collateral and security for said Loans, ..."

The defendants argue that since the same property was security for each of the notes and that the foreclosure of the Cowan note was involved in the foreclosure of the Wachovia note, that the effect of the release was to bar Wachovia from ever using the Cowan note as a basis for recovery. This would be true, they contend, even though Wachovia obtained the Cowan note after the present release was executed.

What the argument of the defendants overlooks is that while the release itself is a general one, it refers to very specific items. The settlement agreement is prefaced by the statement that Wachovia extended credit and made certain loans to the borrowers which were identified on an exhibit attached to the settlement agreement, and "hereinafter were collectively referred to as 'the loans.' " Each of these loans was itemized and identified by the settlement agreement; therefore, when the general release (or more accurately when it refers to future claims, a covenant not to sue) refers to "said loans," it is referring to the loans which were listed and itemized as part of the settlement agreement. The language contained in the release with regard to future claims and foreclosures and collateral and security, all have reference only to "said loans" and to nothing else. The instant loan, although it involved the same property and the same security, was not listed or included in the settlement agreement. Moreover, the holders of the loan, at that time, the Cowans, were not included in the settlement agreement. The Cowan note and any legal action pursuant thereto did not "arise out of" or was in "any way connected" with "said loans and the foreclosures thereof," for it was entirely separate and distinct. Therefore, from a reading of the entire settlement agreement as well as the language releasing all claims, it is clear that Wachovia gave up no rights which it might subsequently acquire in the Cowan note, but only those rights, past, present and future, relating to "said loans." That being true, Wachovia itself could have purchased the Cowan note at a time subsequent to the settlement agreement and would have full rights to enforce any of its provisions against the defendants, who executed and endorsed the same. We therefore hold that even if American Title had no greater rights than Wachovia, it still was not in any manner bound by the

settlement agreement entered on November 14, 1978. The trial judge did not err in granting summary judgment to the plaintiff, American Title Insurance Company.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 19, 1982 —
REHEARING DENIED NOVEMBER 24, 1982 — 

*Nancy O. Ewing, John J. Dalton,* for appellants.
*Albert Sidney Johnson, Harmon W. Caldwell, Jr.,* for appellee.

ON MOTION FOR REHEARING.

1. Movants contend that the Cowan note is connected "with the said loans and the foreclosures thereof" within the meaning of the instrument purporting to release movants from liability. This is urged to be true because the Cowan note and the loans specified in the settlement agreement were all connected with the development by movant of the same real property. What such argument fails to recognize is that the settlement agreement does not refer to everything connected with the development project but only to that which is connected with the loans specified in the agreement.

2. The argument that the court should look to the intent of the parties to the release as testified to by one of the parties is also without merit.

As we have many times held, unless there is an ambiguity unresolvable by normal rules of construction, the court has the duty of interpreting contractural language and, absent ambiguity, will not look beyond the clear and express terms of the agreement. *Warrior Constructors v. E. C. Ernst Co.,* 127 Ga. App. 839, 840 (195 SE2d 261); *Prince v. Prince,* 147 Ga. App. 686, 688 (1) (250 SE2d 21); *Heller & Co. v. Aetna &c. Credit,* 151 Ga. App. 898, 903 (7) (262 SE2d 151).

*Rehearing denied.*