## 65082. CITY OF ACWORTH v. JOHN J. HARTE ASSOCIATES, INC.

SHULMAN, Chief Judge.

In a suit against appellant/City of Acworth and others, a homeowner alleged negligence with regard to the sewer and drainage facilities in the development of property adjacent to that of the homeowner. Asserting that appellee was responsible for the sewer and drainage systems on the property in question (Nowlin Terrace subdivision), appellant filed a third-party complaint against appellee. When appellee's motion for summary judgment was granted, appellant brought this appeal.

1. Appellant first points out that the trial court's order granting summary judgment to appellee failed to address appellant's breach of contract claim. Appellee asserts that a contractual theory was never advanced by appellant at the trial court level and therefore cannot now be considered by the appellate court.

Under the Civil Practice Act, pleadings are to be construed so as to do substantial justice. Code Ann. § 81A-108 (f) (OCGA § 9-11-8

(f)). In appellant's third-party complaint, it was alleged that appellee was the city's engineering firm, that it had inspected the sewer and drainage systems as part of its obligation to the city, and that it had breached its duties and obligations to the city by failing to determine improper construction or design of the systems. We deem those allegations, coupled with the submission of a copy of the contract in opposition to the motion for summary judgment, to constitute sufficient notice of a contractual allegation. The breach of contract issue having been presented in the trial court, we shall address appellant's enumeration of error concerning it.

2. A review of the trial court's order shows that the court considered both the contractual theory and the copy of the contract which was attached to an affidavit filed in opposition to the motion for summary judgment. However, after construing the contract and other evidence contained in the record in the light most favorable to appellant (see *Tipton v. Harden,* 128 Ga. App. 517 (4) (197 SE2d 746)), we cannot agree with the trial court's conclusion that no material issue of fact remained.

Under the contract, appellee agreed to render "general consulting services related to municipal projects." Such a phrase is vague and ambiguous. Mere ambiguity, however, does not necessarily create a jury issue. *Holcomb v. Word,* 239 Ga. 847 (238 SE2d 915). "The cardinal rule of construction is to ascertain the intent of the parties." Code Ann. § 20-702 (OCGA § 13-2-3). If the ambiguity can be explained from the text of the whole contract, the ambiguity will not render the contract unenforceable. *Holcomb v. Word,* supra. However, the contract here contains no key as to what duties the ambiguous phrase imposes on appellee. Therefore, other evidence of the intent of the parties must be considered. Such evidence is supplied by two affidavits contained in the record. Lloyd Karschner, a licensed engineer and vice-president of appellee, averred that appellee had been retained by the city for a limited purpose insofar as the Nowlin Terrace project was concerned, i.e., to determine if repairs had been made to correct construction deficiencies which had been noted in a report prepared by another entity. On the other hand, the city's utilities superintendent submitted an affidavit in which he stated that appellee was to pass upon the construction and design of the Nowlin Terrace sanitary sewer systems. The conflicting affidavits exemplify the existence of a material issue of fact, rendering the grant of summary judgment to appellee inappropriate. Code Ann. § 81A-156 (c) (OCGA § 9-11-56 (c)).

3. In light of our reversal of the grant of summary judgment to appellee, we need not consider the remaining enumerations of error.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

440

*J. Al Cochran, James R. Whitfield, Herman G. Snipes,* for appellant.

*William R. Waldrop, Richard L. Powell, David A. Handley, Hugh M. Worsham, Jr.,* for appellee.