## A93A1583. DRUID ASSOCIATES, LTD. et al. v. NATIONAL INCOME REALTY TRUST.
### (436 SE2d 721)

JOHNSON, Judge.

National Income Realty Trust (NIRT) (formerly Consolidated Capital Income Trust [CCIT]) sold property located at 963 Ponce de Leon Avenue, Atlanta, to Druid Associates, Ltd. in October 1984. NIRT financed the loan amount of $1.5 million, taking back a deed to secure the debt.

On January 1, 1989, Druid leased the property to Atlanta Cooperative Enterprises, Ltd. (ACE). ACE defaulted on payments to Druid for part of April 1989 and the months of May-December 1989 inclusive. Consequently Druid failed to make payments on the loan to NIRT and ultimately NIRT foreclosed on the property pursuant to a power of sale clause in the deed on January 2, 1990.

NIRT filed this action in the State Court of Fulton County seeking to recover, inter alia, a delinquent $42,746 water bill against ACE, Druid and its general partner, Harry M. Epstein. Summary judgment was entered in NIRT's favor and Druid and Epstein appeal.

Paragraph 9 of the "All-Inclusive Deed to Secure Debt, Assignment of Rents and Security Agreement" provided that: "Borrower . . . shall pay and discharge all taxes . . . all water and sewer charges and all other public charges . . . imposed upon or assessed. . . ." Clearly Druid was liable for the water bill and, prior to the date of foreclosure, any unpaid amounts constituted a lien on the property.

Under most circumstances, the doctrine of merger would have extinguished any liens at the time of foreclosure. "[W]here the holder of the legal title under a security deed purchases the equity of redemption, the whole estate is vested in him; and both the lien and the debt upon which it is founded are extinguished, unless the actual value of the property be ascertained, by foreclosure and sale under the lien, or by express stipulation between the parties." *Franklin Mtg. Co. v. McDuffie*, 43 Ga. App. 604 (159 SE 599) (1931). Obligations for water service, however, constitute a recognized exception to the general doctrine, binding a subsequent owner even after a sale or foreclosure. See *Bowery Savings Bank v. DeKalb County*, 240 Ga. 528 (242 SE2d 50) (1978); *Pease v. City of College Park*, 155 Ga. App. 120 (270 SE2d 329) (1980). Any outstanding amounts due the City of Atlanta for water would survive the foreclosure and become the obligation of the lender. The amount would normally be ascertained prior to the foreclosure and included in the amount of the bid made at the foreclosure sale and presumably awarded in subsequent deficiency proceedings, if any. This option was not available to NIRT, however because the "All-Inclusive Deed to Secure Debt, Assignment of Rents and Security Agreement," as well as, the "All-Inclusive Promissory Note Se-

cured by Deed to Secure Debt," were executed without recourse.

NIRT claims that it became subrogated to the rights of the City of Atlanta with regard to the debt. "Subrogation is the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor. It is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice . . . Legal subrogation takes place as a matter of equity, without any agreement to that effect made with the person paying the debt, and is independent of both creditor and debtor. . . . Hence, legal subrogation arises as a matter of equity without any agreement to that effect, and conventional subrogation depends upon contract, and upon payment of the debt of another one is entitled to the securities and rights of the creditor so paid." (Citations and punctuation omitted.) *Bank of Danielsville v. Seagraves*, 167 Ga. App. 135, 140 (305 SE2d 790) (1983). NIRT is not laying claim to conventional subrogation, admitting that the loans were without recourse, and advances only on a theory of equitable subrogation.

The issue in this case is whether a no recourse loan will defeat a post-foreclosure claim for legal subrogation. We believe that it does. A claim for subrogation will lie in "those cases where the party claiming it advanced the money to pay the debt which, in the event of default by the debtor, he would be bound to pay, or where he has some interest to protect. . . ." *Gilbert v. Dunn*, 218 Ga. 531, 533 (128 SE2d 739) (1962). In this case, however, the terms of the note and the security deed specifically stated that the loan was without recourse. The language contained in the note: "It is understood that the Maker hereof shall have no personal liability hereunder of (sic) for a deficiency judgment upon foreclosure under the Deed to Secure Debt, and that in the event of default, the sole and exclusive remedy of the Holder is to look to the property through foreclosure pursuant to the Deed to Secure Debt"; as well as, the language contained in the Deed to Secure Debt: "There shall be no recourse hereunder to Borrower, or its general or limited partners," make it perfectly clear that recovery of the property through foreclosure was the sole remedy available to NIRT in the event of default. See *Davidson v. Baier Corp.*, 151 Ga. App. 314 (259 SE2d 707) (1979); *Baier Corp. v. Davidson*, 158 Ga. App. 804 (282 SE2d 388) (1981). "It is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies. It is likewise clear that when the grantor of a security deed grants a power of sale he does so not for his ultimate benefit but, rather, for the benefit of the grantee. 'The power of sale in a mortgage simply gives to the (mortgagee) a remedy for the collection of his debt in a

summary way. . . . The power is conferred for the purpose of enabling the mortgagee to collect. his debt.' [Cit.]" *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327, 328 (270 SE2d 867) (1980). See also *Averitt v. Swainsboro Methodist Church*, 190 Ga. 549, 555 (9 SE2d 888) (1940).

Even if the claim for legal subrogation survived the no-recourse terms of the loan and security deed, NIRT would not be entitled to an award of the entire amount of the debt when there is no evidence before the trial court that the entire debt has been paid. A subrogee is entitled to indemnification only to the extent of the money actually paid. *Southern R. Co. v. Malone Freight Lines*, 174 Ga. App. 405, 408 (330 SE2d 371) (1985).

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 5, 1993 —
RECONSIDERATION DENIED OCTOBER 28, 1993.

*Schreeder, Wheeler & Flint, John A. Christy, Debra A. Wilson,* for appellants.

*Venema, Towery, Thompson & Chambliss, Howard M. Delashmit, Holt, Ney, Zatcoff & Wasserman, Stephen C. Greenberg, Jay F. Castle,* for appellee.