25763.   HARRISON, Chairman, et al. v. JONES.

Argued April 15, 1970—Decided May 7, 1970.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellants.

*Harrison, Martin & Childs, Mobley F. Childs,* for appellee.

FELTON, Justice. Pretermitting the questions whether the court was techincally correct in certain aspects of the injunction against the defendants, the court erred in granting a mandamus absolute and a permanent injunction for the reason that DeKalb County Ordinance Sec. 13.66.1 authorizes the discontinuance of water service at any meter service where there is a delinquent water bill after the occupant of the premises has been notified of the delinquency and has failed to remove it by payment of the bill regardless of whether the bill remaining delinquent was incurred by a prior owner or occupant of the premises. The ordinance forbids the county from supplying water again to any such building or premises until such arrears shall be fully paid. The validity of such an ordinance was upheld in *City of Atlanta v. Burton,* 90 Ga. 486, 489 (16 SE 214). *Dodd v. City of Atlanta,* 154 Ga. 33 (7) (113 SE 166, 28 ALR 465) is to the same effect as to the facts of this case but in that case the water was cut off, or proposed to be cut off, because the cost of the installation of the meter, etc., had not been paid. All bills for water consumed had been paid but not the water installation service including the meter. There the court enjoined the cutting-off of the water because there was no ordinance or regulation to the effect that the water could be cut off merely because the installation bill had not been paid. If there had been such a regulation the water could have been cut off for failure to pay such installation costs.

In the instant case no allegation is made in the complaint that the occupants of the houses were not notified of the de-

linquency in water-bill payments or that no demand had been made upon them. The complainant knew at the time he instituted the action that the bills had not been paid by the former occupants and what the total cost of reconnecting the water service would be.

The complaint in this case does not qualify as a class action in any particular and for this additional reason the trial judge erred in his rulings extending his findings to all inhabitants of DeKalb County occupying a position similar to the complainant.

The court erred in ordering a mandamus absolute and injunction against the appellees.

*Judgment reversed. All the Justices concur, except Nichols, J., who dissents.*