**Willie DAVIS, Individually and on Behalf of all others similarly situated,**

**George Lynch et al., Intervenors, Plaintiffs,**

**v.**

**Paul WEIR, General Manager, Atlanta Department of Water Works, et al., Defendants.**

Civ. A. No. 14494.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 31, 1973.

See also, D.C., 328 F.Supp. 317.

J. E. Loeb, Legal Aid Society, Atlanta, Ga., for intervenors, plaintiffs.

Henry Bowden, City Atty., Atlanta, Ga., for defendants.

## ORDER OF COURT

MOYE, District Judge.

In the latter part of 1972 a conference was held in chambers at which time it was agreed that if a joint stipulation was filed by the parties, the Court would proceed to rule without holding another evidentiary hearing. A joint stipulation of facts was filed on March 30, 1973. The case is now before the Court on the merits.

On June 17, 1971, the Court issued an interlocutory injunction which prohibited the defendants from (1) terminating water service without notice to the actual user of the service and (2) refusing to contract with the plaintiff for water service *solely* on the ground that the plaintiff's (Willie Davis's) landlord was liable to the Department of Water Works for water service provided under a prior contract. The injunction was issued on the grounds of the due process and equal protection clauses of the Fourteenth Amendment. Since that time, several parties have intervened as plaintiffs, temporary restraining orders have been issued with respect to these parties, and the Court has determined that the action may be maintained as a class action.

Before reaching the merits, some discussion of the class action aspect of the case is necessary. The suit was originally brought as a class action on behalf of "all users of water service provided by the City of Atlanta" who do not have a contract with the Water Department in their own names. Subsequent to the Court's issuance of interlocutory injunctive relief as to Willie Davis, the Court ruled that a class action could be maintained on behalf of users of water service furnished by the City

of Atlanta who do not have a contract for water service in their own names. Preliminary injunctive relief was extended to all members of the class. The rented premises of Willie Davis subsequently were destroyed by fire. Davis moved from the premises and terminated his contract with the Water Department. This unfortunate event prompted the defendants to question Davis's capacity as class representative, as it was apparent that he had no further individual claims against the Water Department. The mootness of Willie Davis's individual claims does not preclude him from representing the class as to the constitutional issues herein involved. Davis v. Caldwell, 53 F.R.D. 373 (N.D. Ga.1971) (three-judge court). Willie Davis has prosecuted this case with vigor and skill and may continue as class representative as to the "lack of notice" issue.

In light of the pleadings, affidavits and briefs filed in this case, the defendants are apparently attempting to litigate the factual intricacies of every water bill of every member of the represented class. The nature of this case, however, is such that only two factual questions are relevant for decision: (1) whether the ordinances and practices provide for pre-termination notice to the user of water service and (2) whether it is the practice of defendants to refuse to contract with applicants for water service solely on the ground that a third party may be liable for water service provided under a prior contract.

■ There is no question that Atlanta City Ordinance § 33–129, while providing for notice to the "owner or tenant," does not require notice to be given to the user of water service in cases where the contract for service is not in the user's name. Since, for reasons set forth in the order granting preliminary injunctive relief (June 17, 1971), the Court holds that pre-termination notice to the actual user of water service is required as a matter of due process of law,

the ordinance in question is unconstitutional on its face because it does not affirmatively provide for such notice. See Davis v. Caldwell, 53 F.R.D. 373 (N.D. Ga.1971) (amending Davis v. Caldwell, *supra*).

■ The facts in this case further reveal the lack of notice to non-contracting users which results from the discretionary "owner or tenant" notice ordinance. For example, with regard to Willie Davis, defendants have gone to great lengths to show that notice was given to Davis's landlord and rental agent on numerous occasions. In defendants' words "Through Chapman Realty Company, Willie Davis did receive notice of water termination, in that the Water Department notified Chapman Realty Company \ . . ." In this regard, defendants have suggested that "The owner of the property or his agent . . . should have given the notice, if any, regarding the cutting off of the water to the plaintiff." \ The Court does not doubt that the owner and the rental agent were given notice of the termination. Whether, as defendants suggest, the owner and/or rental agent may have a moral or contractual duty to notify the tenant of the impending termination is not a question which should be resolved by this Court. What the Court does decide, and hold, is that the defendants have a constitutional duty to give pre-termination notice to the user under the due process clause of the Fourteenth Amendment.

■■ The next inquiry in this regard concerns the content and form of the required notice. In cases involving the due process clause of the Fourteenth Amendment, what "process" is due must be tailored to fit the facts and circumstances involved. The Court believes mailing a notice to the occupant of the serviced premises would meet due process standards. The Court approves the form and content of the presently em-

ployed notice[1] (a reproduction of which is attached to this order as an exhibit) with the following exceptions:

(1) The user should be informed that he may apply for and receive water service in his own name subject to reasonable deposit or credit requirements;

(2) There should be no intimation that payment of the outstanding debt of another person is the only way water service termination may be precluded.[2]

As to the second issue, the refusal to contract because of an outstanding third-party debt, the Court makes the following factual findings. Section 33–130 of the Atlanta City Ordinances and Section 7.6.16 of the Charter and Related Laws of the City of Atlanta authorize the defendants to terminate water service and to refuse to supply water service to any premises with respect to which there is an outstanding debt until and unless such debt is paid. Pursuant to these provisions, it is the practice of defendants to reject applications for water service at a particular premises unless the occupant of the premises (or person seeking service) pays whatever water service charges are outstanding with respect to such premises regardless of who

legally owes the outstanding bill. Moreover, this practice has been upheld by the Georgia Supreme Court. Harrison v. Jones, 226 Ga. 344, 175 S.E.2d 26 (1970).[3] The Court previously ruled that such a practice was in violation of the equal protection clause of the Fourteenth Amendment. This ruling was not made without some difficulty. The difficulty, however, lay not in the Court's reluctance to grant the relief sought but rather in the determination of which "equal protection test" to apply to the facts of this case.

■■ The Supreme Court has taken two abstract approaches to equal protection cases. Under the "traditional" test, a classification is valid under the equal protection clause if it has a reasonable basis. Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966). If, however, the classification affects a "fundamental right," the state must have a "compelling" interest in perpetuating the classification. The practice and classification involved here are not easily categorized. The Court believes a strong argument could be made for the proposition that the "compelling" interest test applies, whether water service be called a "right," "privilege," "benefit" or whatever. The Supreme Court,

---

1. Subsequent to and apparently pursuant to the issuance of preliminary injunctive relief and the finding of a class action, the defendants began sending termination notices to non-contracting users of water service.

2. The last sentence in the notice presently used states: "We sincerely hope that payment will be made so that your water service may be continued without interruption." This clearly would indicate to the recipient that payment is the only way to preclude termination, and, should the owner or landlord ultimately refuse to pay, the tenant, in order to have water service, would be coerced into paying a debt for which he was not liable.

3. In *Harrison*, the Supreme Court upheld a DeKalb County Ordinance which authorized "the discontinuance of water

service at any meter service where there is a delinquent water bill after the occupant of the premises has been notified of the delinquency and has failed to remove it by payment of the bill regardless of whether the bill remaining delinquent was incurred by a prior owner or occupant of the premises." 226 Ga. at 345, 175 S.E.2d at 28. In its preliminary injunction order of June 17, 1971, the Court noted the possibility of a state remedy on this issue. See Davis v. Weir, 328 F.Supp. 317, 323 n. 17 (N.D.Ga.1971). That supposition is clearly unwarranted, for the Supreme Court in *Harrison* clearly considered and ruled upon the precise issue under state law. Thus whatever state remedies were available as to the issue herein involved and whatever lack of clarity existed with respect to the position of the state courts, have been eliminated by *Harrison*.

on several occasions, has designated as "fundamental" certain interests which do not directly emanate from the Constitution. *E. g.,* Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1941) (marriage and procreation); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (right to travel). Also, the great lengths to which the Supreme Court and lower federal courts have gone to protect various important private interests in the context of "procedural due process" [4] is certainly deserving of analogy.[5] The Court believes, however, that application of the "compelling interest" test is neither warranted[6] nor necessary to find the practices here in violation of the Fourteenth Amendment.

■ The Court has previously noted, and believes it beyond question, that water is an absolute necessity of life. Also, it is beyond question that the city has an obligation, under state law, to provide water service to those in the community who apply for service, subject only to their compliance with reasonable rules and regulations of the Water Department.[7] Among such reasonable rules and regulations, of course, would be the regular payment of charges for water service. In this regard, the Water Department uses termination of services as a bill collection procedure. No one involved in this suit, including the Court, has questioned the validity of the termination procedure itself. Where, as here, however, the use of an otherwise valid water bill collection device has the effect of coercing members of the community into paying water bills for which they are not liable, the equal protection clause comes into play. The fact that a *third party* may be financially responsible for water service provided under a prior contract is an irrational, unreasonable and quite irrelevant basis upon which to distinguish between otherwise eligible applicants for water service. Since the city is obligated under state law to provide water service upon application, it cannot refuse an application solely on the basis of an irrational classification, for to do so is in violation of the equal protection clause of the Fourteenth Amendment.

■ In analyzing due process and equal protection claims, it is incumbent upon the Court to consider any administrative and/or financial burdens which the city might have in correcting the defect involved. While the Court could envision some conceivable burdens, the defendants have not come forth with any evidence or any other showing that implementation of the Court's order would be administratively or financially infeasible or impractical. Rather, throughout this suit, defendants have relied upon strictly legal arguments, including lack of this Court's subject matter jurisdiction, lack of a substantial federal question, several irrelevant factors, and the unseemly, baffling proposition that the plaintiff should not be entitled to "free water."[8] On the basis of defendants' representations that the practices at issue affect only a small number of people[9] and the lack of a strong showing by the defendants of administrative

---

4. See cases listed in Davis v. Weir, *supra,* 328 F.Supp. at 320 n. 5.

5. See Developments in the Law—Equal Protection, 82 Harv.L.Rev. 1065, 1127–1131 (1969).

6. *See* Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

7. Davis v. Weir, *supra,* 328 F.Supp. at 321.

8. Of course, no one has contended in this suit that the plaintiff is entitled to free water service and the Court is not ruling that he is. In this regard, defendants cite Morgan v. Kennedy, 331 F.Supp. 861 (D.Neb.1971). The *Morgan* case involved a different class and a different, though related, constitutional issue. The Court deems that case inapplicable to the facts and issues involved here.

9. See defendants' Admission of Facts No. 6, filed August 18, 1971, where defendants state: "The procedures . . . affect a very small percentage of the people supplied [with water service] by the City of Atlanta."

or financial obstacles, the Court finds that there are no insurmountable administrative or financial obstacles sufficient to preclude the implementation of the relief ordered herein.[10]

Pursuant to Rule 23(c)(1), and by way of amendment to the Court's order of December 2, 1971, the class is defined as all present and future non-commercial users of water service provided by the City of Atlanta Department of Water Works. Defendants are hereby permanently enjoined from terminating water service to the plaintiff and the class he represents without the notice required by the terms of this order. Further, pursuant to 28 U.S.C. § 2201, Section 33–129 of the City of Atlanta Code of Ordinances is hereby declared to be unconstitutional. In addition, defendants are permanently enjoined from rejecting applications for water service solely on the ground that a third party may be liable to defendants for water service previously provided at the applicant's premises.

The effect of the declaratory relief herein granted is stayed for 30 days. The injunctive relief granted is effective upon the filing of this order.

### EXHIBIT A

Water Service Customer

Delinquent Bill

Dear Customer:

There is an outstanding water bill in the amount of $_____ against the meter which supplies _____.

We believe that you, the user of water at this address, should be advised that the water service is scheduled to be *turned off* in approximately _____ days from the date of this letter. This is in accordance with Section 33–129 of the Code of ordinances of the City of Atlanta, Georgia.

Kindly telephone our Service Department at 659–4242 if we can be of assistance to you. If you are renting, you may want to contact either your agent or the owner relative to this important matter.

We sincerely hope that payment will be made so that your water service may be continued without interruption.

Sincerely,

---

10. This finding is further warranted by the fact that the relief granted herein does not preclude the city from adopting other *reasonable* measures to protect its financial interests, so long as customers are not forced to pay bills they do not owe.