## 32869. BOWERY SAVINGS BANK et al. v. DeKALB COUNTY et al.

UNDERCOFLER, Presiding Justice.

This appeal is from a judgment declaring that DeKalb County has a lien for delinquent water, sewerage and sanitation service charges against properties owned by the banks and DeKalb may refuse to provide these owners with such services while the liens remain unpaid.

The stipulated facts show that the banks held security deeds on certain apartments. The banks foreclosed and purchased the properties. The prior owner had contracted with DeKalb County for water, sewer and sanitary services. At the time of foreclosure, these contracts were in arrearage for nonpayment which occurred after the recording of the banks' security deeds. DeKalb County demanded payment from the banks; the banks refused payment. DeKalb County threatened to discontinue services and foreclose its purported liens. The banks instituted this action to declare they were not liable for the arrearages claimed. The trial court held that DeKalb County has the power to discontinue service to the banks' apartment properties. It held also that the delinquent charges constituted valid liens on the properties, which liens were superior to the banks' security deeds and therefore not extinguished by the foreclosures. This appeal followed. We have taken jurisdiction of this appeal because the constitutionality of

county ordinances is in question. See *Collins v. State,* 239 Ga. 400, 403 (3) (236 SE2d 759) (1977). We affirm.

DeKalb County by ordinance provides that water and sanitary services may be refused where there are delinquent accounts. DeKalb Code Sec. 13-66.1; Sec. 8-13 (d). DeKalb also provides that water service may be refused where there are delinquent sewerage accounts. DeKalb Code Sec. 16-4. The banks concede that these sections "provide legitimate means of enforcing collection of past due service charges from persons who actually contracted for and received the services."

However, they contend, the collection procedure is unconstitutional under the Fourteenth Amendment of the United States Constitution because, "As applied to appellants, each of which acquired property with respect to which the prior owner failed to pay for services received, the DeKalb County Code provisions are unreasonable, irrational, and unfair attempts to enforce payment from an innocent third party that did not contract for the services, was not responsible for payment of the services, and did not receive the services."

The banks rely on Davis v. Weir, 497 F2d 139, 145 (5th Cir. 1974), where it was held that a city could not constitutionally refuse a new application for water services with a tenant based on the delinquent financial obligations of third parties for which the tenant was not liable, namely the owner who had not paid his water bill. The court observed that the tenant, where appropriate, could be required to pay for the installation of an individual meter. The decision holds only that it is unconstitutional for a city to refuse water service to an applicant absent some rational basis. As stated therein, "The City has no valid governmental interest in securing revenue from innocent applicants who are forced to honor the obligations of another or face constructive eviction from their homes for lack of an essential to existence—water. 'The fact that a third party may be financially responsible for water service provided under a prior contract is an irrational, unreasonable and quite irrelevant basis upon which to distinguish between otherwise eligible applicants for water service.' . . The City's dispute over past due charges at [tenant's]

apartment lies solely with his landlord."

The holding in Davis v. Weir, supra, is not applicable in the instant case. Here we have property owners who dispute the right of DeKalb County to refuse water, sewerage and sanitary services to them at their premises upon which the county claims valid liens. Although the owners may not have any personal liability for the delinquent accounts their property is subject to liability if in fact the liens are valid. This distinguishes the case from Davis v. Weir, supra. We hold it is not unconstitutional for DeKalb County to refuse these services to the owner of premises subject to such liens. The county has a valid governmental interest in satisfying its liens. The enforcement provisions of the ordinances as applied to property owners are related to their objectives. There is a rational basis for such provisions as applied to property owners who take title subject to prior liens. As stated in 94 CJS 230, Waters, § 308 (a), ". . . the creation of such a lien is an exercise of the police power, and is not an extreme instance of such exercise, since property interests are not really harmed; on the contrary, the system of which the lien is an incident saves property from the disuse and desolation that, under modern conditions, must be the'lot of a building without a dependable supply of water." Accordingly we hold that the ordinances in question here do not offend equal protection of the laws. Also we find no denial of due process. If the property owners challenge the validity of the liens, as here, the services may not be refused for that reason until the dispute is resolved. *Dodd v. City of Atlanta,* 154 Ga. 33, 39 (113 SE 166) (1922).

The banks do "not contest the existence of a lien in favor of DeKalb County for the special taxes due with respect to water, sewer and sanitary services." The banks contend, "Any such liens, however, were as a matter of law subordinate to Appellants' [the banks] deeds to secure debt, and as a result, were extinguished by the sales under power pursuant thereto." We disagree.

We adhere to our cases of *City of Atlanta v. Burton,* 90 Ga. 486 (16 SE 214) (1892), *Dodd v. City of Atlanta,* supra, and *Harrison v. Jones,* 226 Ga. 344 (175 SE2d 26) (1970). These cases hold essentially that under ordinances such as here delinquent charges for water, sewerage, and

sanitation services constitute a lien against the property served. The cases do not address the priority of such liens but since the services may constitutionally be refused to the owners of the property we think it follows under these decisions that these liens have the same priority as liens for ad valorem taxes. Consequently, the liens were not extinguished by the banks' foreclosures of their security deeds and DeKalb County may refuse service to the owner banks until the liens are satisfied. These cases are modified by Davis v. Weir, supra, to the extent that non-delinquent tenants must constitutionally be provided with such services as individuals upon proper application and payment for installation of meters. However the basic ruling of our cases that the delinquent service charges are liens against the property which authorize the discontinuance of such services to the owner of the property remains unchanged. Indeed the banks appear to have recognized the priority of such liens in their security deeds. They provide for foreclosure in the event the owner fails to make payment for water and sewer rents, and other charges which may become liens on the premises.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 12, 1977 — DECIDED
JANUARY 19, 1978.

*Sutherland, Asbill & Brennan, Haynes R. Roberts, H. Edward Hales, Jr.,* for appellants.
*Dillard & Sherer, George P. Dillard,* for appellees.