### UNION CIRCULATION CO., INC.

v.

**Walter B. RUSSELL, Jr., William A. Williams, Liane Levatan, Robert E. Lanier, Jim Patterson, Brince H. Manning, Jr., Manuel J. Maloof, W. P. Bradford, and Mrs. S. D. Dumas.**

### Civ. No. C77–1923A.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 12, 1978.

Robert Strickland, Jr., Atlanta, Ga., for plaintiff.

George P. Dillard, Decatur, Ga., for defendants.

## ORDER

O'KELLEY, District Judge.

This action for declaratory and injunctive relief arises from the defendants' threats to discontinue water and sewer services at plaintiff's property located at 1407 Hurst Drive in DeKalb County, Georgia, pursuant to DeKalb County Code of Ordinances § 6–2002,[1] unless and until the plaintiff pays a past-due water bill in the amount of $411.28. The unpaid water bill in question was incurred by plaintiff's lessee on account with DeKalb County for water and sewer services furnished at plaintiff's property while plaintiff's lessee was in possession of said property.[2] Because it never expressly agreed to pay any charges incurred on said account, the plaintiff alleges that the defendants' use of DeKalb County Code of Ordinances § 6–2002 to coerce it to pay the water service bill of its lessee, by threaten-ing loss of service, deprives it of due process and equal protection of the laws, guaranteed under the fourteenth amendment. Jurisdiction over this controversy is predicated upon 28 U.S.C. § 1343(3). On December 9, 1977, after hearing oral arguments on the plaintiff's application for temporary and preliminary injunctive relief, the court found that the case *sub judice* appeared to be governed by this court's prior decision in *Chatham v. Jackson,* Civ. No. C77–824A (N.D.Ga. Oct. 25, 1977), and, accordingly, entered an order enjoining the defendants from terminating or denying water and sewer services to the plaintiff at the premises known as 1407 Hurst Drive. Presently pending herein are cross-motions for summary judgment.

In *Chatham,* this court was confronted for the first time with the issue of whether the holding in *Davis v. Weir,* 497 F.2d 139 (5th Cir. 1974), should be extended to protect property owners as well as tenants from the coercive use of local ordinances to require applicants for water and sewer services to pay the water and sewer debt of an unrelated party as a precondition to obtaining water and sewer services at the premises at which the indebtedness arose. In *Davis,* the court held that the City of Atlanta's practice of holding a tenant in an apartment complex financially responsible for unpaid water services previously provided at that premises under a prior contract with a third party to be in violation of the due process and equal protection clauses of

1. DeKalb County Code of Ordinances § 6–2002 provides:

"Section 6–2002 Water service; disconnection and removal of meter upon nonpayment of bill; fee for installation of new meter.

"(a) The policy of discontinuing the furnishing of water at any meter service where there is a delinquent water bill after the occupant of the premises has been notified of the delinquency and has failed to remove the delinquency by payment of the bill is hereby continued in full force and effect.

"(b) Where there remains a delinquent water bill at any meter service after the occupant of the premises thereof has been notified by the inclusion of the amount of the past due bill in a current water bill or a separate bill and given an opportunity to pay the bill and refuses to promptly pay it, water service to this meter service shall be discontinued regardless of whether the bill remaining delinquent was incurred by a prior owner or occupant of the premises, and the county shall not again supply water to this building, place or premises until this arrears shall be fully paid.

"(c) Upon the failure or refusal of the owner or occupant to pay the delinquent water bill, the water and sewer department shall remove the meter serving these premises, and service shall not be restored to these premises until a fee of $75 for installation of a new meter has been paid in advance."

2. Pursuant to a stipulation of facts filed September 25, 1978, it is undisputed that all of the $411.28 in charges were incurred on account with plaintiff's lessee.

the fourteenth amendment. In *Chatham,* this court was asked to apply the *Davis* holding to protect an owner of an apartment building from being coerced to pay the water debt of a former tenant. The defendants in *Chatham* attempted to distinguish *Davis,* however, on the ground that a property owner is liable for debts incurred to provide water and sewer services to his property under implied consent and quasi-lien theories. Specifically, they relied upon *City of Atlanta v. Burton,* 90 Ga. 486, 16 S.E. 214 (1892), and *Harrison v. Jones,* 226 Ga. 344, 175 S.E.2d 26 (1970). However, in *Chatham* this court concluded that neither *Harrison* and *Burton* held that a property owner was personally liable for charges incurred for water and sewer services furnished at his property. Rather, this court reasoned that *Harrison* and *Burton* were simply pre-*Davis* decisions that upheld ordinances permitting local officials to refuse to restore water services to property owners until delinquent charges for services furnished to their property were paid. Accordingly, absent either judicial or statutory authority expressly imposing liability on a property owner for unpaid water bills on his property, by means of a lien or otherwise,[3] the *Chatham* court held that the due process and equal protection clauses of the fourteenth amendment protect "all parties, tenant and property owner alike from the [defendant's] use of its power to withhold water and sewer services to coerce applicants for such services to pay water bills *for which they are not liable.*" (Emphasis added.)

In the case *sub judice,* the defendants contend that the facts on the record herein are distinguishable from those in the *Chatham* case and that the decision in *Chatham* should be reexamined in light of the January 18, 1978, decision of the Georgia Supreme Court in *Bowery Savings Bank v. DeKalb County,* 240 Ga. 528, 242 S.E.2d 50 (1978). Contrariwise, the plaintiff argues that the *Bowery* decision is inapposite and

that *Chatham* is controlling. In *Bowery* the plaintiff bank had foreclosed on certain deeds to secure debt and had purchased the properties secured thereby. At the time of foreclosure, the prior owner's accounts for water and sewer services were in arrears for charges that were incurred subsequent to the recordation of the security deeds in question. When the plaintiff bank refused to make payments to extinguish the arrearages, DeKalb County threatened to discontinue water and sewer services to the properties. The *Bowery* court held that:

> Although the owners may not have any personal liability for the delinquent accounts their property is subject to liability if in fact the liens are valid. This distinguishes the case from *Davis v. Weir,* supra. We hold it is not unconstitutional for DeKalb County to refuse these services to the owner of premises subject to such liens. The county has a valid governmental interest in satisfying its liens. The enforcement provisions of the ordinance as applied to property owners are related to their objectives.

*Bowery,* at 530, 242 S.E.2d at 52.

This court is in agreement with the *Bowery* court that if there are valid liens on a property for unpaid water bills, then it is not unconstitutional for DeKalb County to refuse services to the owner of any property subject to such liens. In *Bowery* the plaintiffs did "not contest the existence of a lien in favor of DeKalb County for the special taxes due with respect to water, sewer, and sanitary services." *Id.* Contrariwise, the plaintiff in the case *sub judice,* like the plaintiff in *Chatham,* does contest the existence and validity of a lien on its property for unpaid water bills. Unlike *Chatham,* however, the defendants in the case *sub judice* have cited to authority expressly creating liens on any property in DeKalb County at which there remains an unpaid water bill.[4] Specifically, Georgia Laws, 1949 (pp. 1590, 1593–94), provides:

---

3. *See Davis v. Weir,* 497 F.2d 139, 145 n.9.

4. In *Chatham* the defendants failed to cite to any statutory authority expressly creating a

lien on any property in the City of Atlanta at which there remains an unpaid water bill. See 19 A.L.R.3d 1227, 1232–33.

The Commissioner is hereby authorized to provide by regulation and rules for the assessment and collection of a reasonable tax or charge for the maintenance of said sewer lines and for the disposal of sewage. Said assessment may be made on the basis of gallonage of water metered to the property served by said sewer or by fixing a flat charge for each service connection, such payments to be made either on a monthly or an annual basis as provided for in the rules and regulations to be adopted. . . . *Any taxes or charges as herein provided shall become a lien on the property served by said sewer line.* (Emphasis added.)

Because, under this Georgia statute, property in DeKalb County is encumbered to the extent of any unpaid water bills incurred on such property, this court finds that the *Chatham* decision is distinguishable from the case *sub judice* and that application of DeKalb County Code of Ordinances § 6–2002 to coerce a property owner to pay past-due water bills for water and sewer services furnished to his property is constitutionally sustainable. For the above reasons, the defendants' motion for summary judgment should be and is hereby granted. Accordingly, the court's restraining order of December 9, 1977, is hereby dissolved. The clerk is hereby directed to enter final judgment for the defendants.