61068. CITY OF DOUGLAS et al. v. JOHNSON et al.

DEEN, Presiding Judge.

The City of Douglas and Rufus C. Johnson, former Douglas City Manager, appeal from a jury verdict of $27,000 in favor of Johnnie Johnson and Johnnie Sirmouns following the denial of their motions for a judgment notwithstanding the verdict and for a new trial.

1. The evidence showed that early in 1977 appellee Johnson purchased a house from the Department of Transportation for $1,010. Johnson and Sirmouns then purchased a lot in the Dunlap subdivision located in the City of Douglas. Following this purchase, a Coffee County Health Inspector visited the lot and approved it for a well and septic tank. (This approval was required before the city could issue a building permit.) On April 7, 1977, appellee Johnson approached the city manager about obtaining a moving permit and explained the route the house would take and its ultimate destination. The city manager approved the move and sent appellee to Marshall Sears, the City Building Inspector, with the recommendation that a moving permit be issued although § 1002.1 of the Douglas Zoning Ordinance provides: "It shall be unlawful . . . to commence the moving or alterating of any building, until the Building Inspector has issued a building permit for such work." Appellee met with Sears, again described the route the house would take and its destination, and was issued a moving permit. After the house reached its destination, Sears discovered that the proposed location of the house would be on a lot abutting a street which was only 20 feet wide and it violated § 601 of the Douglas Zoning Ordinance which provides: "No building shall hereafter be constructed, moved, or relocated on . . . a publicly accepted or publicly maintained street with a right-of-way of at least 50 feet except on appeal." Sears informed the city manager of his discovery

and appellant Johnson visited the site and informed appellee Johnson that the house needed to be set back 35 feet from the street. As the lot was too small to allow the requested set-back, the house had to remain on the moving truck while appellees negotiated the purchase of additional land. After the land was purchased, the house was placed on the lot with a 45-foot set-back. Johnson then applied to the city for temporary electric service so he could reattach the top of his house which had to be removed when the house was moved. While city employees were in the process of making the necessary electrical connections, the city manager ordered them to stop and threatened that anyone who attempted to replace the top of the house would be thrown in jail. Shortly thereafter, appellee Johnson applied to the city for a building permit, but it was refused upon the recommendation of the city manager. The top of the house could not be replaced, the interior of the building was exposed to the elements and it was totally destroyed.

Appellants contend that the trial court erred in denying their motions for a directed verdict because they were protected from liability by the doctrine of governmental immunity.

As appellees contend that their cause of action for damages was based upon a claim that the damages were caused by breach of contract to perform a ministerial duty and there is evidence to support their contention, we must find this enumeration to be without merit. Under Code § 69-201, a municipal corporation is liable for improper performance of its ministerial duties, but not for errors in exercising its judicial or governmental powers. It is well established that the operation of an electric power plant for profit is a ministerial function. *Carruthers v. City of Hawkinsville,* 42 Ga. App. 476 (156 SE 634) (1930); *City of Dublin v. Ogburn,* 142 Ga. 840 (83 SE 939) (1914); *Adepe v. City of Thomasville,* 9 Ga. App. 880 (72 SE 478) (1911).

As the City of Douglas was not clothed with governmental immunity, it was a jury question as to whether a contract between the parties existed and if the breach of such a contract caused the damages to appellees' house. Appellees are not barred from bringing a tort action for the violation of a duty flowing from relations between the parties which were created by contract. *Commercial City Bank v. Mitchell,* 25 Ga. App. 837 (1) (105 SE 57) (1920). Code Ann. § 69-208 permits a jury to find officers of a municipal corporation liable for the official acts of one of its officers if the act was done ". . . oppressively, maliciously, corruptly or without authority." It was, of course, a jury question as to whether the acts of the city manager fell within the provisions of this code section.

Other issues requiring resolution by a jury included conflicting testimony as to the city building inspector's knowledge of the

ultimate destination of the building and whether the street abutting appellees' lot was a private lane or a public street.

2. The appellant contends that the trial court erred in admitting the testimony of Teddy Lott as to his opinion of the replacement value of the house. Mr. Lott qualified as an expert as to the replacement value of houses and gave his opinion based upon the age of the building, type of material used, and size. He testified that it would cost between $50,000 and $70,000 to replace a house of 2,700 to 2,900 square feet at a cost of $25 to $28 per square foot. Although appellants argue that appellees' cost of $1,010 was far below this amount and should have been used as the value of the house, there was testimony that appellee Johnson was able to purchase the house for this price only because the land it was sitting on was condemned by the Department of Transportation and that he was required to move it at his own expense ($14,000). The jury verdict of $27,000 was clearly authorized by the evidence.

Appellees' claim that the damages were incorrectly proved is likewise without merit. As this enumeration only goes to the admissibility of a witness' testimony, it cannot be enlarged to include other issues not made therein. *Burke v. State,* 153 Ga. App. 769 (266 SE2d 549) (1980).

3. In his fifth and sixth enumerations of error, appellant contends that the trial court erred in allowing into evidence, over objection, the testimony of the mayor of Douglas that the city had a new zoning ordinance enacted three or four months prior to trial that required city residents to put their garbage within fifteen feet of a public street and in allowing Laura Mitchell to testify as to her garbage pickup during the four-week period immediately prior to trial. The mayor was also asked if the status of the road that runs down to the Mitchell's property (Sears Street) had changed in character as far as the city was concerned (whether it was a public or private way) since 1977. The mayor replied that it had not. As this testimony was elicited to show that the city now and always had considered this portion of Sears Street to be a public street and to rebut appellant's contention that it was a private road, we find no error in admitting the testimony of both witnesses.

4. It was not error to allow Laura and Lynn Mitchell to testify that their address was 602 Sears Street. It was testimony within their personal knowledge and was introduced solely as evidence to show that the lane which abutted their property and that of appellees had a public character and not as proof of the ultimate question of fact. As to appellant's contention that Mr. Mitchell was permitted to state a conclusion that the lane was a public roadway, the trial court sustained appellants' objection by ruling ". . . let's just let him state

the facts and let the jury draw the conclusion to what it is or is not." We find no merit in these enumerations.

5. The trial court's charge on maliciousness was not error. There was evidence presented at trial which authorized this charge and could enable a jury to find that the city manager acted maliciously. Appellant's argument that there was no contention that Johnson had acted maliciously is also without merit. This claim was not the basis of his objection to the charge at trial and will not be considered. However, we would like to point out the provisions of Code Ann. § 81A-115 (b) which provide for amendments to the pleadings to conform to the evidence.

6. Appellants' ninth enumeration of error goes to the court's charge on breach of contract and the damages that may be recovered as a result of such a breach. At trial, counsel objected only to the charge on contract contending that the evidence was insufficient. We find that there was sufficient evidence at trial to authorize a charge on breach of contract. An attempt to raise for the first time on appeal an issue not presented to the trial court presents nothing for this court to review. *Young v. Jones,* 149 Ga. App. 819 (256 SE2d 58) (1979).

7. Appellants also contend that there was no evidence to support the verdict. We have examined the record and affirm the judgment of the trial court under the "any evidence" rule. *Preferred Risk Mutual Ins. Co. v. Thomas,* 153 Ga. App. 154 (264 SE2d 662) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 20, 1981 — ■

*Robert H. Preston,* for appellants.
*William V. Evans,* for appellees.