## 75515. ATLANTIC MECHANICAL CONTRACTORS, INC.
## v. HURSTON.
### (364 SE2d 638)

SOGNIER, Judge.

Harold Brent Hurston brought suit against his employer, Atlantic Mechanical Contractors, Inc. (Atlantic), to recover damages incurred as a result of Atlantic's failure to pay medical insurance premiums. Atlantic filed no answer, and the action went into default. After a hearing at which evidence of damages was presented, the trial court entered judgment for Hurston for both actual and punitive damages, and Atlantic brings this appeal.

Appellant contends the trial court erred by awarding appellee punitive damages since appellee's cause of action arose solely in contract and thus, under the provisions of OCGA § 13-6-10, no punitive damages were awardable. We do not agree. Although the relationship between the parties (employer and employee) arose contractually, "[appellee is] not barred from bringing a tort action for the violation of a duty flowing from relations between the parties which were created by contract. [Cit.]" *City of Douglas v. Johnson*, 157 Ga. App. 618, 619 (278 SE2d 160) (1981).

Viewing the allegations of the complaint as if supported by proper evidence, which we are bound to do because appellant has defaulted, OCGA § 9-11-55 (a), the record discloses that appellant withheld a portion of appellee's paychecks for payment of premiums on group health insurance. In doing so, appellant assumed a duty to use the funds withheld for that purpose alone. Appellant failed to pay those premiums and did not notify appellee that it had failed to do so, but instead continued to make payroll deductions and appropriated the sums withheld from appellee's pay, in violation of its duty (imposed by law and not by the contract) not to convert appellee's funds to its own use and benefit. "In order to present a cause of action for conversion an act of dominion over the personal property of another inconsistent with his rights or by an unauthorized appropriation must be shown. [Cit.]" *Kornegay v. Thompson*, 157 Ga. App. 558, 559-560 (2) (278 SE2d 140) (1981). Those elements of conversion were shown, and the action thus sounds in tort. Accordingly, the trial court did not err by awarding punitive damages.

We are similarly unpersuaded by appellant's argument, based on *Stroud v. Elias*, 247 Ga. 191 (275 SE2d 46) (1981), that insufficient facts were pleaded in the complaint to set forth a claim for the recovery of punitive damages. As discussed above, the complaint sets forth sufficient facts to authorize a recovery for the tort of conversion and thus, unlike the situation in *Stroud*, supra, where no case was made out in tort by the pleadings, the award of punitive damages was not erroneous.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 11, 1988.

*Jimmy J. Boatright*, for appellant.
*Lee R. Hasty*, for appellee.