## A03A1152. HANSON et al. v. CITY OF ROSWELL.
### (586 SE2d 341)

MIKELL, Judge.

Alan C. Hanson and Young Life Centers, Inc. ("Hanson") filed a complaint for inverse condemnation against the City of Roswell (the "City"). Hanson appeals the trial court's order granting summary judgment to the City. We affirm for the reasons set forth below.

Hanson's property is located in the City and is bounded by three roads, including Zion Circle.[1] The property contains a commercial building with offices that Hanson rents to privately owned businesses. The property has two rear parking lots which are accessible from Zion Circle.

On December 4, 2000, the City designated Zion Circle as a one-way street. Hanson averred that because of the change, drivers seeking access to the rear parking lots were forced to take a circuitous route which was difficult for customers to locate and time-consuming and tedious for the tenants. Hanson further averred that the difficulties in accessing the parking lot were unacceptable to his tenants, and that as a result he has lost tenants and rental income, and suffered a reduction in the market value of the property.

"An inverse condemnation claim arises when the governmental entity creates a condition on private property . . . that amounts to a taking without compensation."[2] Owners of property adjoining a pub-

---

[1] We view the record de novo most favorably to Hanson as the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

[2] (Punctuation and footnote omitted.) *Shealy v. Unified Govt. of Athens-Clarke County*, 244 Ga. App. 853, 856 (537 SE2d 105) (2000).

lic road have an easement of access to the road which cannot be taken by the state without just compensation.[3] The issue is whether the City's designation of Zion Circle as a one-way street was a compensable taking of Hanson's right to access his property. We conclude that Hanson has presented no question of material fact showing such a taking.[4]

This case is controlled by *Dept. of Transp. v. Katz*,[5] in which we found that a change in traffic pattern from two-way to one-way traffic did not interfere with the condemnees' ingress or egress to their property.

> Where a change in traffic patterns does not interfere with the condemnees' ingress and egress to their property but requires mere circuity of travel only, no cause of action is alleged. One whose right of access from his property to an abutting highway is cut off or substantially interfered with by the vacation or closing of the road has a special property which entitles him to damages. But if his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation. Unless the changes in traffic patterns include items which amount to a taking of the property of adjacent owners, such as installing curbs which prevent access to the adjacent property, the claim of damage is common with that which might be made by the general public, and is not recoverable in the instant proceeding.[6]

Hanson argues that his property was uniquely affected by the City's action and that his damage was of a different kind from that suffered by the general public. He also maintains that he is entitled to compensation if the City has substantially interfered with his right to ingress and egress from his property and that the question of substantial interference is one of fact for the jury. But the authority relied upon by Hanson involves either a physical interference with a

---

[3] *Dougherty County v. Hornsby*, 213 Ga. 114, 116 (97 SE2d 300) (1957).

[4] OCGA § 9-11-56 (c).

[5] 169 Ga. App. 310 (312 SE2d 635) (1983).

[6] (Citations and punctuation omitted.) Id. at 312 (2). See also *Dept. of Transp. v. Taylor*, 264 Ga. 18, 21 (3) (440 SE2d 652) (1994) (discussing difficulty of access caused by physical obstruction as opposed to inconvenience caused by change in traffic flow).

right of access[7] or the prohibition of vehicular traffic on the access street.[8]

> [S]ince the [City] did not disturb the direct vehicular access existing from [Hanson's] land to the abutting street, the [City] did not have to compensate the property owner for any damage which resulted from [the City's] changing the traffic pattern from two-way to one-way traffic.[9]

The record shows that the City made no physical changes to Zion Circle, nor did it prohibit traffic on the street, and the change to the flow of traffic did not prevent access to the property from Zion Circle, even if the access was less convenient. It follows that the trial court correctly granted summary judgment to the City.

The City's motion to dismiss based on Hanson's late filing of his appellate brief is denied.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JULY 14, 2003 —
RECONSIDERATION DENIED AUGUST 12, 2003 — 

*Regina T. Stamps*, for appellants.
*Michael E. Sullivan, David B. Davidson, Carothers & Mitchell, John H. Zwald*, for appellee.

---

[7] *Mayor &c. of Macon v. Wing*, 113 Ga. 90 (38 SE 392) (1901) (city narrowed a street and moved the sidewalk away from the property); *State Hwy. Bd. v. Baxter*, 167 Ga. 124, 136 (144 SE 796) (1928) (highway department proposed constructing a ditch in front of plaintiff's property); *Dougherty County*, supra (landowner claimed access to his property was impaired by the county's construction of concrete curbing).

[8] *MARTA v. Datry*, 235 Ga. 568, 580 (220 SE2d 905) (1975) (city proposed to prohibit vehicular traffic on street adjacent to plaintiff's property).

[9] (Citation omitted.) *Dept. of Transp. v. Whitehead*, 253 Ga. 150, 153 (2) (317 SE2d 542) (1984).