### A10A1651. SOLID EQUITIES, INC. v. CITY OF ATLANTA.
(710 SE2d 165)

PHIPPS, Presiding Judge.

Solid Equities, Inc. filed this action for damages against the City of Atlanta in connection with water service charges Solid Equities paid to the City to settle a bill incurred by Solid Equities's former tenant. Therein, Solid Equities contended that (1) the City unlawfully refused to supply water service to Solid Equities's property until the former tenant's water service charges were paid, and (2) the City's actions constituted an unconstitutional taking of Solid Equities's property by inverse condemnation. Solid Equities appeals from the grant of summary judgment to the City on both claims and the denial of its motion for summary judgment on the claim that the City's refusal to supply water service was unlawful. For the reasons that follow, we affirm.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] Thus, to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law.[2] When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.[3]

Viewed in the light most favorable to Solid Equities as non-movant on summary judgment, and drawing all reasonable inferences from the record in its favor,[4] the record shows the following. Solid Equities owned commercial property that it rented in November 2003 to Piedmont Restaurant Group, Inc., d/b/a City Cafe Diner. Under the lease agreement, Piedmont Restaurant Group was responsible for opening an account, and maintaining and paying for water service from the City. In September 2006, Piedmont Restau-

---

[1] *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

[2] Id.

[3] *Christian v. Eagles Landing Christian Academy*, 303 Ga. App. 113 (1) (692 SE2d 745) (2010).

[4] *Cowart*, supra at 624 (1) (b).

rant Group abandoned the premises, leaving an outstanding water bill of $46,796.

Shortly thereafter, Solid Equities leased the property to a new commercial tenant. The new tenant applied to the City to open an account for water service in its name, but the City refused to provide water service to the property until the past due amount was paid in full or an agreement was entered into for payment of the arrearage. The new tenant refused to pay Solid Equities any rent until water service was obtained. Although the City did not request payment from Solid Equities, Solid Equities paid the arrearage then sued the City to recover the payment and other damages allegedly related thereto.

1. Solid Equities contends that the court erred in granting summary judgment to the City and denying its motion for summary judgment when the City's right to refuse water service was conditioned upon its ability to impose a lien for unpaid water service. Solid Equities posits that because OCGA § 36-60-17 (c) and (d) did not permit the City to place a lien on the property, the City could not lawfully refuse to provide water and sewer service[5] to the property. The court correctly found that the City was authorized to refuse water service to the property.

OCGA § 36-60-17 provides, in pertinent part:

(a) No public or private water supplier shall refuse to supply water to any single or multifamily residential property to which water has been furnished through the use of a separate water meter for each residential unit on application of the owner or new resident tenant of the premises because of the indebtedness of a prior owner, prior occupant, or prior lessee to the water supplier for water previously furnished to such premises.

. . .

(c) A public or private water supplier shall not impose a lien against real property to secure unpaid charges for water furnished unless the owner of such real property is the person who incurred the charges.

(d) A public or private supplier of . . . sewerage service . . . shall not impose a lien against real property to secure unpaid charges for . . . sewerage service . . . unless the owner of such real property is the person who incurred the charges.

As Solid Equities contends and the City concedes, the statute

---

[5] Although Solid Equities mentions sewer service in its appellate brief and summary judgment pleadings, the complaint concerned only water service.

bars the City from imposing a lien on Solid Equities's property for water service charges incurred by a former tenant.[6] Nonetheless, Solid Equities's argument that the City lacked any authority to refuse to supply water service until the charges were paid is without merit.

OCGA § 36-60-17 (a), which specifically governs a water supplier's *refusal to supply water service*, prohibits refusal of water service only to certain single or multifamily residential property based on the indebtedness of a prior owner, occupant or lessee. It provides no such limitation for nonresidential property.[7] If the legislature intended to prohibit a supplier from refusing to supply water service to *non*residential property based on the indebtedness of a prior owner, occupant or lessee, it could have provided for such in the statute. Further, if the legislature had intended to condition a water supplier's ability to refuse water service to a property upon the supplier's ability to impose a lien against the property, it could have so provided.[8] It did not.

Moreover, the City was authorized by the 1995 Code of Ordinances of the City of Atlanta, Georgia, Sec. 154-120 to require payment of past due and certain other charges before service was restored, subject to OCGA § 36-60-17.[9] The trial court did not err in granting the City's motion for summary judgment and denying Solid Equities's motion for summary judgment based on the City's authority to refuse to supply water service to the premises.

2. Solid Equities contends that the City's action in refusing to provide water service constituted an inverse condemnation of the property, and that the trial court erred in holding otherwise. We disagree.

"An inverse condemnation claim arises when the governmental entity creates a condition on private property . . . that amounts to a taking without compensation."[10] Solid Equities claims that it has a viable claim for inverse condemnation because the City: (a) failed to apply its own ordinance requiring that it terminate water service to a property when an account is more than 30 days past due and that it not restore water service while the account is still in arrears; and (b) unlawfully refused to provide water service to the property until

---

[6] See *Fed. Home Loan Mtg. Corp. v. City of Atlanta*, 285 Ga. 189, 193 (2) (674 SE2d 905) (2009).

[7] See *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (1) (569 SE2d 907) (2002) (when language of legislative act is plain and does not lead to absurd results, court should simply construe it according to its terms).

[8] See generally *Wilson v. Miles*, 218 Ga. App. 806, 806-807 (463 SE2d 381) (1995).

[9] Supra at (3), (5), (8).

[10] *Hanson v. City of Roswell*, 262 Ga. App. 671 (586 SE2d 341) (2003) (punctuation and footnote omitted).

the arrearage was paid.

(a) Solid Equities contends that the City's failure to comply with its own ordinance[11] as to the prior tenant (specifically, failing to terminate the tenant's water service when the account was more than 30 days past due and then restoring water service while the account remained in arrears) constituted an inverse condemnation. But Solid Equities cites no case with similar facts to support its position that such a failure constitutes an inverse condemnation of property.[12] Solid Equities cites *Palazzolo v. Rhode Island*,[13] which notes that the purpose of the Fifth Amendment's "Takings Clause"[14] is to prevent the government from "forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole."[15] In requiring that the water service charges be paid before water service was restored to the property, the City did not force Solid Equities to bear a public burden which should have been borne by the public as a whole.

(b) Solid Equities contends that the City inversely condemned the property by unlawfully refusing to supply water service to the property. However, as discussed in Division 1, the City was authorized to refuse to provide water service to Solid Equities's nonresi-

---

[11] Solid Equities cites the 1995 Code of Ordinances of the City of Atlanta, Georgia, Sec. 154-120, subparagraphs (1), (3), (5) and (8), which pertinently provide: (1) upon failure of any person to pay any water bill assessment, the person will be notified that their service will be terminated, and the commissioner is authorized to discontinue water service to the person or premises until the bill is paid, but in no event will termination be later than 30 days from the due date of the bill; (3) past due charges must be paid in full before services are restored; (5) the charge must be paid before water is turned on again unless waived by the department commissioner; and (8) all past due amounts must be paid in order to continue water service.

[12] Solid Equities cites, e.g., *Mann v. State*, 278 Ga. 442, 443-444 (2) (603 SE2d 283) (2004) (regulation that denies some or all economically beneficial or productive use of land requires compensation, but statute prohibiting registered sex offenders from residing within certain distances of designated locations did not amount to a taking under the facts of that case); *Duffield v. DeKalb County*, 242 Ga. 432, 433-434 (2) (249 SE2d 235) (1978) (property owners had stated a claim for inverse condemnation in alleging that noise and odors from the county's sewage plant interfered with their right to use and enjoy their property; physical invasion of the property was not required); *City of Commerce v. Duncan & Godfrey, Inc.*, 157 Ga. App. 337, 339-340 (1) (277 SE2d 266) (1981) (affirming jury verdict for customer in action against city to recover overpayments made for electric service based on billing at certain rate; city had duty to disclose to the customer the existence of more favorable rate); *City of Douglas v. Johnson*, 157 Ga. App. 618-619 (1) (278 SE2d 160) (1981) (affirming judgment to property owner in suit against city and city manager for damages based on breach of contract for failure to perform ministerial duty regarding issuance of building permit); *City of Albany v. Burt*, 88 Ga. App. 144, 164 (3) (76 SE2d 413) (1953) (in personal injury action arising from gas explosion, city was subject to civil liability for failing to comply with its ordinance requiring installation of safety pilots on gas appliances).

[13] 533 U. S. 606 (121 SC 2448, 150 LE2d 592) (2001).

[14] "The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, prohibits the government from taking private property for public use without just compensation." Id. at 617 (II) (citation omitted).

[15] Id. at 618 (II) (citation and punctuation omitted).

dential property based on the arrearage of a prior tenant. Solid Equities failed to state a claim for inverse condemnation, and the trial court did not err in granting summary judgment to the City on the claim.

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

DECIDED MARCH 30, 2011.

*Zachary & Segraves, Rick S. Sexton*, for appellant.
*Tamara N. Baines, Laura Sauriol*, for appellee.